# **Exhibit A**

## DECLARATION OF DANIEL OLMOS

I, Daniel Olmos, hereby declare as follows:

1.      I am a partner of the law firm Nolan Barton & Olmos, LLP, previously known as Nolan Armstrong & Barton LLP.  I have been licensed to practice law in good standing in California since 2005.  I submit this declaration in support of ITU's Appeal of Student and Exchange Visitor Program Withdrawal on Notice submitted on August 30, 2017.   Unless otherwise stated, I have personal knowledge of the facts set forth herein and, if called, could testify competently thereto.

2.      Nolan Barton & Olmos, LLP is a boutique Silicon Valley law firm specializing in criminal law.

3.      In May 2014, International Technological University Foundation, Inc. ("ITU") engaged my firm to investigate ITU's submission in response to a January 2014 Request for Evidence from the Student and Exchange Visitor Program ("SEVP") and to provide legal advice to ITU on matters relating to its I-17 certification.

4.      Between May and September 2016, my partner Tom Nolan and I reviewed prior correspondence between ITU and SEVP, interviewed numerous ITU employees and interns, and reviewed hard-copy and electronic records.

5.      During that same time frame, Mr. Nolan and I provided legal advice to ITU relating to its I-17 certification.

6.      At that time, I understood both the investigation and the related legal advice our firm provided to be subject to the attorney-client privilege.

7.      In September 2014, with the help of my colleagues, I prepared a communication in the form of a memorandum to Rebecca Choi, ITU's then-Chief Operating Officer, and Mikel Duffy, ITU's then-Associate Director of Innovation, regarding our firm's investigation.  I later revised the memorandum and delivered it to Mr. Choi and Mr. Duffy on October 6, 2014.  The memorandum contains my thoughts and impressions as counsel to ITU.  The memorandum also contains legal advice for ITU.

1

8.      As I prepared this memorandum, and at the time our firm delivered it to Ms. Choi and Mr. Duffy, I regarded it as a confidential attorney-client privileged communication and as constituting attorney work product.  I had no expectation that ITU intended to waive the attorney-client privilege or protections of the attorney work product doctrine with respect to the memorandum.

9.      I provide this declaration subject to and without waiving the application of any attorney-client privilege or any work product protection that applies to ITU's engagement of our firm.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 25th day of August, 2017, at Palo Alto, California.

DANIEL OLMOS