## Exhibit C

**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

August 26, 2016

Writer's Direct Contact
+1 (415) 268.7537
SChatterjee@mofo.com

**Confidential—FOIA Confidential Treatment Requested**

Via Electronic Submission and Overnight Delivery

**Attention: International Technological University SFR214F01670000 NOIW**

Timothy T. Hicks
Chief, Analysis and Operations Center
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement

Re:     *Student and Exchange Visitor Program Notice of Intent to Withdraw*

Dear Mr. Hicks:

This Firm represents International Technological University ("ITU") in connection with your July 26, 2016, letter regarding the Student and Exchange Visitor Program ("SEVP")'s Notice of Intent to Withdraw ITU's SEVP certification ("NOIW").  ITU will separately answer and respond to the NOIW by September 26, 2016, as agreed.

This letter addresses the document described in the NOIW as "a copy of an October 6, 2014 report commissioned by International Technological University on May 2, 2014 summarizing an investigation 'regarding ITU response to January 2014 Student and Exchange Visitor Program Request for Evidence, Including History of Related Conduct [sic].'"  The NOIW refers to this document as the "October 2014 Report."  The NOIW names neither the authors nor the recipients of this October 2014 Report.

If the "October 2014 Report" is, in fact, a memorandum from Daniel Olmos of the law firm Nolan, Armstrong & Barton addressed to Rebecca Choi, the Chief Operating Officer of ITU, and to Mikel Duffy, Associate Director of Innovation at ITU, please be advised that the document is, in its entirety, an attorney-client privileged communication between ITU and its attorneys.

While ITU wishes to cooperate with SEVP and any government agency, it must also seek to preserve its rights to its attorney-client privilege.  Assuming that the October 2014 Report

sf-3680474

MORRISON | FOERSTER

Timothy T. Hicks
August 26, 2016
Page Two

described in the NOIW is the memorandum from Mr. Olmos to Ms. Choi and Mr. Duffy, ITU is not aware of how SEVP obtained a copy of that document. ITU neither disclosed that document to SEVP, nor authorized its disclosure to SEVP. ITU claims its attorney-client privilege and respectfully requests that SEVP return all copies of the October 2014 Report. ITU further requests that SEVP not rely upon the document or its contents for any purposes, including any action regarding ITU's SEVP certification. ITU also requests that SEVP advise ITU about whether any other government agency has received a copy of the October 2014 Report and, if so, which and when any such agency received it.

We note that Rule 1.6 of the ABA Model Rules of Professional Conduct recognizes the settled principle that confidential information regarding an attorney's representation of a client shall not be disclosed except where the client has provided informed consent. Similarly, Model Rule 4.4(b) provides, "A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent <u>shall</u> promptly notify the sender." (emphasis added).

Federal courts widely recognize that the involuntary or unauthorized disclosure of privileged information shall not constitute a waiver "if the privilege holder has made efforts 'reasonably designed' to protect and preserve the privilege." *United States v. De La Jara*, 973 F.2d 746 (9th Cir. 1992) (*citing Transamerica Computer v. Int'l Bus. Machines*, 573 F.2d 646, 650 (9th Cir. 1978)); *see also Gomez v. Vernon*, 255 F.3d 1118, 1132-33 (9th Cir. 2001) (unauthorized disclosure of confidential material does not waive privilege so long as privilege holder has exercised reasonable precautions to maintain confidentiality).

Proposed Rule 512 of the Federal Rules of Evidence also supports ITU's request. Although it was not ultimately adopted by Congress, it was prescribed and approved by the U.S. Supreme Court and "retains considerable utility as a guide to the federal common law" – especially because the existing Federal Rules of Evidence do not specifically address the consequences of a potential waiver based on the unauthorized disclosure of privileged material. Weinstein & Berger, Weinstein's Federal Evidence ¶ 512.02. Supreme Court Standard 512 provides that "[e]vidence of a statement or other disclosure of privileged matter is not admissible against the holder of the privilege if the disclosure was (a) compelled erroneously or (b) made without opportunity to claim the privilege." Please note that courts also prohibit parties from using confidential documents obtained without authorization. *See, e.g., In re Shell Oil Refinery*, 143 F.R.D. 105 (E.D. La. 1992) (prohibiting party from making any use of confidential documents obtained without authorization from employee of opposing party).

California courts have similarly found that no waiver occurs when a privileged communication is disclosed without authorization. *See, e.g., State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 652-54, 657 (1999) (determining, *sua sponte*, the standard governing the conduct of California lawyers to whom privileged information has been

sf-3680474

MORRISON | FOERSTER

Timothy T. Hicks
August 26, 2016
Page Three

inadvertently disclosed "in order to protect the sanctity of the attorney-client privilege and to discourage unprofessional conduct"); *DP Pham LLC v. Cheadle*, 246 Cal. App. 4th 653, 668 (2016) (reversing order denying motion to disqualify counsel for improper use of privileged attorney-client communications). California law further requires that a party that has received attorney-client privileged information has an obligation to return and not to use such materials. The California Supreme Court has held:

> When a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender that he or she possesses material that appears to be privileged. The parties may then proceed to resolve the situation by agreement or may resort to the court for guidance with the benefit of protective orders and other judicial intervention as may be justified.

*Rico v. Mitsubishi Motors Corp.,* 42 Cal. 4th 807, 817 (2007).

We look forward to your response. Please do not hesitate to contact me with any questions about this request.

Sincerely,

S. Raj Chatterjee

cc:   Melanie Proctor