# **Exhibit E**

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

September 13, 2016

Writer's Direct Contact
+1 (415) 268.7537
SChatterjee@mofo.com

**By Email (sevp.support@ice.dhs.gov) and Overnight Delivery**

**Attention: International Technological University SFR214F0167000 NOIW**

Ms. Beth M. Gibble
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement
US Department of Homeland Security
500 12th Street, SW MS-5600
Washington, DC 20536-5600

Re:   *Student and Exchange Visitor Program Notice of Intent to Withdraw*

Dear Ms. Gibble:

We received your letter on behalf of Student Exchange Visitor Program ("SEVP") on September 8, 2016, responding to my letter dated August 26, 2016, regarding International Technological University's ("ITU") claim of privilege to the "October 2014 Report" referenced in SEVP's Notice of Intent to Withdraw ("NOIW").

We are disappointed that SEVP declined to respect ITU's claim of privilege and return the "October 2014 Report." Notably, SEVP does not deny that the "October 2014 Report" is an attorney-client communication, and effectively admits this fact by claiming that the attorney-client privilege was waived.

SEVP states that "the October 2014 Report was intentionally provided to SEVP," and relies on that assertion to claim waiver. But you neither state who provided SEVP a copy of the document nor provide any facts to explain whether that person was authorized to disclose the privileged communication. As set forth in my letter, unauthorized disclosure does not waive privilege. We are not aware of any member of ITU's senior management or Board of Trustees with authority who either disclosed or authorized the disclosure of the "October 2014 Report" to SEVP.

Further, the NOIW states that SEVP "received a copy of the October 2014 Report" on January 13, 2015, but the first time ITU became aware that SEVP possessed a copy of the

sf-3692688

**MORRISON | FOERSTER**

Beth M. Gibble
September 13, 2016
Page Two

document was after ITU had an opportunity to analyze the NOIW. Accordingly, ITU did not delay in claiming its privilege.

To assess the circumstances and SEVP's claim of waiver, we request that you let us know the following:

1. Who sent SEVP the "October 2014 Report";

2. Any basis SEVP has to believe that the person who sent SEVP the "October 2014 Report" was authorized by ITU to disclose any such attorney-client communication;

3. Any other facts that SEVP has to support its claim of waiver; and

4. To SEVP's knowledge, any other person or agency that has a copy of the "October 2014 Report."

As I stated in my prior letter, ITU wishes to and will cooperate with SEVP, but as SEVP itself admits, ITU must also act to protect its privilege for attorney-client communications, as I'm sure you understand.

We look forward to your response.

Regards,

S. Raj Chatterjee

cc: Melanie Proctor

sf-3692688