## **Exhibit G**

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

October 21, 2016

Writer's Direct Contact
+1 (415) 268.7537
SChatterjee@mofo.com

**By Email (sevp.support@ice.dhs.gov) and Overnight Delivery**

**Attention: International Technological University SFR214F0167000 NOIW**

Ms. Beth M. Gibble
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement
US Department of Homeland Security
500 12th Street, SW MS-5600
Washington, DC 20536-5600

Re:   *Student and Exchange Visitor Program Notice of Intent to Withdraw*

Dear Ms. Gibble:

This responds to your letter on behalf of the Student Exchange Visitor Program (SEVP) dated October 3, 2016, regarding International Technological University's (ITU) claim of privilege to the October 2014 Report referenced in SEVP's Notice of Intent to Withdraw (NOIW).

You state that the October 2014 Report is not protected by the attorney-client privilege or that, if it is, that privilege was waived. SEVP, however, continues to provide no factual or legal grounds to support either position and appears to assume the truth of its conclusions. The October 2014 Report on its face is a written communication from ITU's outside legal counsel to ITU regarding legal issues and containing legal advice. This alone is more than enough evidence to establish that the report is protected by the attorney-client privilege.

Your letter assumes but offers no information to demonstrate that the person who provided the October 2014 Report is a "whistleblower." More to the point, SEVP offers no facts or law to support its conclusion that a "whistleblower" is authorized to waive an attorney-client privilege belonging to the institution. The power to waive the corporate attorney-client privilege rests solely with ITU's corporate officers and trustees, who must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of ITU. *See, e.g., Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 349 (1985). We do not seek to deprive anyone of any legal rights provided by "whistleblower" status, to be sure,

sf-3692688

MORRISON | FOERSTER

Beth M. Gibble
October 21, 2016
Page Two

but we see no circumstances under which a "whistleblower" could have conclusively, unilaterally, and legally waived ITU's attorney-client privilege.

Again, if SEVP has any factual or legal grounds to support its conclusion that the October 2014 Report was never entitled to the privilege *ab initio*, or that any such privilege was waived, ITU again requests that SEVP provide that information.

Regards,

*S. Raj Chatterjee* /s/

S. Raj Chatterjee


cc:   Melanie Proctor

sf-3692688