# Exhibit M

# MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 6, 2018

Writer's Direct Contact
+1 (415) 268.6462
jhill@mofo.com

**FOIA Confidential Treatment Requested**

*Via Overnight Delivery*

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
Student and Exchange Visitor Program
Homeland Security Investigations
United States Immigration and Customs Enforcement
500 12th Street, SW STOP 5600
Washington, DC 20536-5600

Re:   Violation of International Technological University's Attorney-Client Privilege (SFR214F01670000)

Dear Ms. Glasoe:

This firm represents International Technological University Foundation, Inc. ("ITU"), a non-profit WASC accredited institution, regarding the Student and Exchange Visitor Program's ("SEVP") efforts to withdraw ITU's certification to enroll nonimmigrant students.

When ITU received the Notice of Intent to Withdraw in July 2016 ("NOIW"), it learned for the first time that SEVP improperly possessed a confidential legal memorandum from ITU's outside counsel, Daniel Olmos, dated October 6, 2014 (the "Privileged Report"). ITU promptly demanded return of the Privileged Report and destruction of any copies, but SEVP declined without reasonable legal justification and then withdrew ITU's certification based upon information contained in the Privileged Report. The Privileged Report is privileged on its face. Nevertheless, despite multiple requests by ITU, SEVP has failed to produce any evidence that the document is not privileged or that the privilege was waived or lost. SEVP is, therefore, legally and ethically barred from relying on the Privileged Report to support its actions, and it must return or destroy all copies.

la-1392322



Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Two

*The Report Is Protected by Attorney-Client Privilege*

"Federal common law recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential."[1]  Any reasonable reader of the top half of page one of the Privileged Report, pictured below, can see that the document is subject to the attorney-client privilege:

> **Nolan, Armstrong & Barton, LLP**
>
> To: Rebecca Choi
>     Chief Operating Officer
>     International Technological University
>
>     Mikel Duffy
>     Associate Director of Innovation
>     International Technological University
>
> From: Daniel Olmos
>       Nolan, Armstrong & Barton, LLP
>
> Date: October 6, 2014
>
> Re: Updated Summary of Investigation Regarding ITU Response to January 2014 Student and Exchange Visitor Program Request for Evidence, Including History of Related Conduct
>
> **INTRODUCTION**

It is: (a) a written communication, (b) on law firm letterhead, (c) from ITU's outside legal counsel, Nolan, Armstrong & Barton, LLP, (d) to ITU officers only, (e) regarding a confidential investigation.  By addressing the Privileged Report only to ITU's Chief Operating Officer and Associate Director of Innovation, ITU's attorney, Mr. Olmos, expressed his intent to communicate his advice only to his client, ITU.

---

[1] *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001); *see also Upjohn Co. v. United States*, 449 U.S. 383, 387 (1981).

la-1392322

MORRISON | FOERSTER

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Three

These facts prove that the document is subject to the protections of the attorney-client privilege. In response to ITU's timely demands, SEVP never tried to produce any evidence to the contrary. Likewise, SEVP never produced any evidence to support its assertions that the privilege was waived.

### *SEVP Has Failed to Produce Any Evidence that ITU Waived Its Privilege*

Over the course of six written exchanges,[2] SEVP asserted that ITU waived its privilege. Indeed, SEVP presented three unsubstantiated claims of waiver: (1) ITU's failure to reasonably protect the privilege, (2) voluntary disclosure by ITU, and (3) an untimely assertion of the privilege. Each of these claims is untrue, and SEVP has failed to provide any evidentiary support for them (because there is no support).

Only the holder of the attorney-client privilege, *i.e.*, the client, may waive it. As the Supreme Court of the United States has explained, "the power to waive the corporate attorney-client privilege rests with the corporation's management… [who] must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals."[3] Once the holder of the privilege has established that the privilege exists, the burden is on the challenger to produce evidence that the privilege was waived.[4] This shift of the evidentiary burden is particularly important here because ITU does not know how SEVP obtained the Privileged Report. In response to multiple requests made by ITU, SEVP has failed to demonstrate any kind of waiver.

---

[2] Six letters were exchanged on this issue. The first was a letter from Morrison Foerster LLP on behalf of ITU to SAOC Chief Timothy Hicks, dated August 26, 2016 followed by: a letter from SEVP, by Beth Gibble, dated September 6, 2016; a letter from ITU to Ms. Gibble, dated September 13, 2016; a letter from SEVP by Ms. Gibble, dated October 3, 2016; a letter from ITU to Ms. Gibble, dated October 21, 2016; and a letter from SEVP, by Lisa Glasoe, dated October 31, 2016. See the attached Composite Exhibit 1(a-f).

[3] *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348–49, 105 S. Ct. 1986, 1991, 85 L. Ed. 2d 372 (1985); *See also Cunningham v. Connecticut Mut. Life Ins.*, 845 F. Supp. 1403, 1411 (S.D. Cal. 1994) ("under federal common law, the client is the holder of the attorney-client privilege, and only the client can waive the privilege.")

[4] *United States v. Chevron Corp.*, No. C 94-1885 SBA, 1996 WL 444597, at *4 (N.D. Cal. May 30, 1996) ("the party asserting the attorney-client privilege bears the initial burden of proving that the communication in question is privileged. If the party seeking discovery asserts that the privilege which initially attached to the communication in question was subsequently waived, that party must bear the burden of *production* on the issue of waiver.")

MORRISON | FOERSTER

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Four

Curiously, the one fact that SEVP *chose* to disclose disproves all three of its claimed legal bases for waiver. In its correspondence with ITU, SEVP stated that an unidentified "employee" disclosed the report. When asked to identify the person, SEVP refused, allegedly to protect a so-called "whistleblower." SEVP did not identify which whistleblower statute allegedly applied to the person who disclosed the Privileged Report let alone any right to remain anonymous under that statute. Moreover, the mere fact that a whistleblower may (or may not) remain anonymous does not relieve the government of its obligation to meet its evidentiary burdens. SEVP may not rely on vague, anonymous hearsay to prove waiver, and ITU may not be deprived of its rights under the confrontation clause of the Constitution, which generally requires that a party be given an opportunity to examine those who would bear witness against it.[5] Also, by asserting that it received the Privileged Report from a whistleblower who supposedly needs protection from ITU, SEVP admits that ITU did *not* authorize the disclosure. If ITU had authorized the whistleblower to disclose the Privileged Report to SEVP, there would be no need for stealth whistleblowing. If a true whistleblower provided the Privileged Report to SEVP in confidence without ITU's knowledge, the disclosure to SEVP was not and *could not have been* the act of an ITU agent authorized to voluntarily waive the privilege.

SEVP's assertion that ITU waived privilege by delaying its assertion of privilege is ironic given that SEVP hid its possession of the Privileged Report from ITU for a year and a half. This letter follows three prior demands for both the return of the Privileged Report and the certification of the destruction of all copies. When ITU learned from the NOIW in July 2016 that SEVP had the Privileged Report, ITU promptly asserted the privilege in writing to SEVP on three separate occasions:

- On August 26, 2016, ITU advised SEVP that the Privileged Report was privileged "in its entirety" and requested that SEVP return all copies and not rely on its contents.

- On September 13, 2016, ITU reiterated its assertion of the privilege and asked that SEVP provide support for its claim that privilege had been waived.

- On October 21, 2016, ITU again denied that the privilege had been waived and again requested production of any evidence upon which SEVP relied.

Instead of complying with its obligation to produce evidence, SEVP subsequently issued two Withdrawals on Notice ("WON" or "WONs"), both of which relied almost exclusively on the Privileged Report to justify the withdrawal of ITU's SEVP certification. This illegal conduct resulted in substantial prejudice to ITU.

---

[5] *See* U.S. Const. amend. VI.; Fed. R. Evid. 802.

MORRISON | FOERSTER

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Five

*Reliance on the Privileged Report Violates Professional Rules of Conduct*

The American Bar Association Model Rules of Professional Conduct mandate that a lawyer in receipt of a document reasonably likely to be privileged has an immediate and affirmative obligation to act:

> "A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent *shall promptly notify the sender*."[6]

A formal opinion from the ABA Committee on Ethics and Professional Responsibility provides additional detail on a lawyer's affirmative obligations:

> A lawyer who receives on an unauthorized basis materials of an adverse party that she knows to be privileged or confidential should, upon recognizing the privileged or confidential nature of the materials, either refrain from reviewing such materials or review them only to the extent required to determine how appropriately to proceed; she should notify her adversary's lawyer that she has such materials and should either follow instructions of the adversary's lawyer with respect to the disposition of the materials, or refrain from using the materials until a definitive resolution of the proper disposition of the materials is obtained from a court.[7]

SEVP states in the NOIW that it received the Privileged Report on January 13, 2015. Every lawyer working for the federal government who reviewed the Privileged Report from that date forward had an ethical obligation to inform ITU or its counsel of SEVP's possession of the Privileged Report. Each lawyer was also required to refrain from reviewing it any further than necessary to ascertain its privileged nature until receiving approval from ITU or a court. Assuming at least one government attorney was aware of SEVP's possession of the Privileged Report, ITU's repeated claims of privilege, and SEVP's continued reliance on the Privileged Report despite the obviously privileged nature of the document and ITU's claims, that lawyer (or multiple lawyers) violated the rules of ethics and must take immediate affirmative steps to rectify those violations.

\*   \*   \*

---

[6] Model Rule 4.4(b)(emphasis added).

[7] ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 382 (1994).

la-1392322

**MORRISON | FOERSTER**

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Six

ITU hereby restates its demand that SEVP return all hard copies of the Privileged Report in its possession, custody, or control and certify the destruction of all other copies, including electronic copies, as any past or future reliance on the Privileged Report is unlawful.  Please return the Privileged Report and certify the destruction of all other copies by Friday, August 24, 2018.

Sincerely,

*Joshua Hill*

Joshua Hill
Counsel for International Technological University Foundation, Inc.

Encl.

cc:   Tracy Short, Esq., Principal Legal Advisor, ICE
      Waldemar Rodriguez, Associate Director, Office of Professional Responsibility, ICE
      Rebecca Falk, Esq., Assistant United States Attorney

la-1392322