1  ALEX G. TSE (CABN 152348)
   United States Attorney
2
   SARA WINSLOW (DCBN 457643)
3  Chief, Civil Division

4  REBECCA A. FALK (CABN 226798)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7022
7       FAX: (415) 436-6748
        Rebecca.Falk@usdoj.gov
8
   Attorneys for Defendants
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13 INTERNATIONAL TECHNOLOGICAL            )  Case No:  18-06228 EJD
   UNIVERSITY FOUNDATION, INC.,           )
14                                        )  DEFENDANTS' MOTION TO DISMISS
                          PLAINTIFF,      )  PLAINTIFF'S COMPLAINT
15                                        )
          V.                              )  Date:  April 11, 2019
16                                        )  Time:  9:00 a.m.
   KIRSTJEN M. NIELSEN, IN HER OFFICIAL   )  Courtroom:  Courtroom 4, 5th Floor
17 CAPACITY AS SECRETARY OF THE           )  Judge:  Hon. Edward J. Davila
   DEPARTMENT OF HOMELAND                 )
18 SECURITY, UNITED STATES OF             )
   AMERICA, UNITED STATES                 )
19 DEPARTMENT OF HOMELAND                 )
   SECURITY, UNITED STATES                )
20 IMMIGRATION AND CUSTOMS                )
   ENFORCEMENT, STUDENT EXCHANGE          )
21 AND VISITOR PROGRAM, AND DOES 1        )
   THROUGH 10, INCLUSIVE,                 )
22         Defendants.                    )
   ———————————————————————————            )
23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………....…iii

NOTICE OF MOTION .................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................2

I.      INTRODUCTION ...............................................................................................................2

II.     RELIEF REQUESTED ........................................................................................................3

III.    ISSUES TO BE DECIDED .................................................................................................3

IV.     BACKGROUND ..................................................................................................................3

        A.      Regulatory Framework ............................................................................................3

                1.      Nonimmigrant Student Status ......................................................................3

                2.      SEVP Certification and Withdrawal of Certification ..................................4

        B.      Plaintiff's Allegations .............................................................................................6

                1.      ITU's SEVP Certification ............................................................................6

                2.      ITU's Outside Counsel Investigation ..........................................................6

                3.      SEVP's Administrative Action To Withdraw ITU's Certification and
                        ITU's Claims of Privilege and Demands for Return of the Nolan
                        Memorandum ...............................................................................................6

        C.      Procedural History and Plaintiff's Claims .............................................................8

V.      STANDARDS OF REVIEW ...............................................................................................8

        A.      Rule 12(b)(1) ...........................................................................................................8

        B.      Rule 12(b)(6) ...........................................................................................................9

VI.     ARGUMENT .....................................................................................................................10

        A.      This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims ..............10

                1.      Plaintiff Fails To Establish Any Waiver of Sovereign Immunity
                        Pursuant to the General Jurisdictional Provision in 28 U.S.C. § 1331 or
                        § 1361 .........................................................................................................10

                2.      There is No Subject Matter Jurisdiction Over Plaintiff's APA Claims
                        Because, as Plaintiff Acknowledges, There Has Been No Final Agency
                        Action ........................................................................................................11

                        (i)     The APA's limited waiver of sovereign immunity does not
                                apply in the absence of a final agency action. .............................11

(ii)    Plaintiff's APA claims are not ripe and have not been administratively exhausted...........................................................13

3.    Plaintiff Has Failed To Sufficiently Allege That This Court Has Jurisdiction Pursuant To The Mandamus And Venue Act And All Writs Act....................................................................................................15

(i)    This Court lacks subject matter jurisdiction pursuant to the Mandamus and Venue Act because Plaintiff failed to specify a nondiscretionary duty that Defendants failed to perform. ......................15

(ii)    In the absence of subject matter jurisdiction pursuant to the Mandamus and Venue Act, this Court also lacks subject matter jurisdiction pursuant to the All Writs Act because it does not confer jurisdiction standing alone. ...........................................17

4.    The Declaratory Judgment Act Does Not Establish Federal Jurisdiction............................................................................................17

B.    Plaintiff Has Failed to State a Claim On Which Relief Can Be Granted .........................18

1.    Plaintiff Has Failed to Sufficiently Allege a Due Process Violation...................18

VII.    CONCLUSION..........................................................................................................21

# TABLE OF AUTHORITIES

Cases                                                                                     Page(s)

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................. 9, 10, 19

*Ashoff v. City of Ukiah*,
   130 F.3d 409 (9th Cir. 1997) ................................................................................ 8

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
   459 U.S. 519 (1983)........................................................................................... 9

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ................................................................................ 9

*Bd. of Regents of State of Colleges v. Roth*,
   408 U.S. 564 (1972)......................................................................................... 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................... 9, 10, 19

Bennett v. Spear,
   520 U.S. 154 (1997)......................................................................................... 12

*Benson v. JP Morgan Chase Bank, N.A.*,
   673 F.3d 1207 (9th Cir. 2012) .............................................................................. 9

*Brownell v. Ketcham Wire & Mfg. Co.*,
   211 F. 2d 121 (9th Cir. 1954) .......................................................................... 17, 18

*Burns Ranches v. Dep't. of Interior*,
   851 F.Supp.2d 1267 (D. Oregon 2012).................................................................... 18

*Cal. Energy Comm'n v. Johnson*,
   767 F.2d 631 (9th Cir. 1985) .............................................................................. 17

*Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*,
   636 F.3d 538  (9th Cir. 2011) ............................................................................. 17

*Cartier v. Secretary of State*,
   506 F.2d 191 (D.C. Cir. 1974) ............................................................................ 15

*Cheney v. U.S. Dist. Court*,
   542 U.S. 367 (2004)......................................................................................... 15

*Ching v. Mayorkas*,
   725 F.3d 1149 (9th Cir. 2013) ............................................................................ 18

*City of San Diego v. Whitman*,
   242 F.3d 1097 (9th Cir. 2011) ............................................................................ 12

*Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*,
   559 F.3d 595 (7th Cir. 2008) .............................................................................. 20

*Clutchette v. Rushen,*
770 F.2d 1469 (9th Cir.1985) ............................................................................. 20

*Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.,*
642 F.3d 849 (9th Cir. 2011) .............................................................................. 17

*Dixon v. Love,*
431 U.S. 105 (1977) ............................................................................................ 20

*Dong v. Chertoff,*
513 F.Supp.2d 1158 (N.D.Cal.2007) .................................................................. 15

*Dugan v. Rank,*
372 U.S. 609 (1963) ............................................................................................ 10

*Dunn & Black P.S. v. United States,*
492 F.3d 1084 (9th Cir. 2007) ....................................................................... 10, 11

*Fairbanks N. Star Borough v. U.S. Army Corp. of Eng'rs,*
543 F.3d 586 (9th Cir. 2008) ......................................................................... 12, 13

*FDIC v. Meyer,*
510 U.S. 471 (1994) ............................................................................................ 10

*Gallo Cattle Co. v. U.S. Dep't of Agric.,*
159 F.3d 1194 (9th Cir. 1998) ............................................................................ 13

*Gilbert v. DaGrossa,*
756 F.2d 1455 (9th Cir. 1985) ............................................................................ 11

*Girard v. Klopfenstein,*
930 F.2d 738 (9th Cir. 1991) .............................................................................. 19

*Hernadez–Avalos v. I.N.S.,*
50 F.3d 842 (10th Cir.1995) ............................................................................... 15

*Hou Hawaiians v. Cayetano,*
183 F.3d 945 (9 Cir. 1999) ................................................................................. 11

*Independence Mining Co. v. Babbitt,*
105 F.3d 502 (9th Cir.1997) .......................................................................... 15, 16

*Japan Whaling Ass'n v. Am. Cetacean Soc'y,*
478 U.S. 221 (1986) ............................................................................................ 15

*Kassem v. Chertoff,*
2009 WL 817642 (E.D. Cal. Mar. 27, 2009) ..................................................... 16

*Kennecott Copper Corp. v. Costle,*
572 F.2d 1349 (9th Cir. 1978) ............................................................................ 15

*Kildare v. Saenz,*
325 F.3d 1078 (9th Cir. 2003) ............................................................................ 16

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994) .............................................................................................. 8

*Liang v. Ashcroft,*
   370 F.3d 994 (9th Cir. 2004) ................................................................................. 14

*Limon v. Rodriguez v. U.S. Dep't of Homeland Sec.,*
   2012 WL 1416274 (S.D. Cal. Apr. 24, 2012) ......................................................... 9

*Lujan v. Nat'l Wildlife Federation,*
   497 U.S. 871 (1990) ....................................................................................... 6, 12

*Malone v. Calderon,*
   165 F.3d 1234 (9th Cir. 1999) ............................................................................. 17

*Maness v. Meyers,*
   419 U.S. 449 (1975) ............................................................................................. 20

*Matthews v. Eldridge,*
   424 U.S. 319 (1976) ..................................................................................... 19, 20

*McCarthy v. Madigan,*
   503 U.S. 140 (1992) ............................................................................................. 19

*McCarthy v. United States,*
   850 F.2d 558 (9th Cir. 1988) ................................................................................. 9

*McKart v. United States,*
   395 U.S. 185 (1969) ............................................................................................. 14

*McNutt v. General Motors Acceptance Corp. Of Indiana,*
   298 U.S. 178 (1936) ............................................................................................. 10

*Nat'l Park Hospitality Ass'n v. Dep't of Interior,*
   538 U.S. 803 (2003) ............................................................................................. 14

*Nova Stylings v. Ladd,*
   695 F.2d 1179 (9th Cir. 1983) ............................................................................. 15

*Ober-Galos v. Napolitano,*
   2015 WL 394626 (N.D. Cal. Jan. 29, 2015) ......................................................... 16

*Oregon Natural Dessert Ass'n v U.S. Forest Serv.,*
   465 F.3d 977 (9th Cir. 2006) ............................................................................... 12

*Pac. Coast Fed. of Fishermen's Ass'n Inc. v. Nat. Marine Fisheries Serv.,*
   265 F.3d 1028 (9th Cir 2001) ............................................................................... 12

*Patel v. Reno,*
   134 F.3d 929 (9th Cir. 1997) ............................................................................... 16

*Peloza v. Capistrano Unified Sch. Dist.,*
   37 F.3d 517 (9th Cir. 1994) ........................................................................... 6, 7, 8

*Puga v. Chertoff,*
   488 F.3d 812 (9th Cir. 2007) ............................................................................... 14

*Savage v. Glendale Union High Sch.,*
   343 F.3d 1036 (9th Cir. 2003) ............................................................................... 9

*Schilling v. Rogers,*
    363 U.S. 666 (1960)..................................................................................... 17

*Scott v. Pasadena Unif. Sch. Dist.,*
    306 F.3d 646 (9th Cir. 2002) .................................................................... 13

*Sheikh v. Lynch,*
    2015 WL 7731802 (N.D. Cal. Dec. 1, 2015) ........................................... 14

*Short v. Murphy,*
    512 F.2d 374 (6th Cir. 1975) .................................................................... 15

*Skelly Oil Co. v. Phillips Petroleum Co.,*
    339 U.S. 667 (1950).................................................................................. 17

*Smith v. Grimm,*
    534 F.2d 1346 (9th Cir. 1976) .................................................................. 11

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ...................................................................... 9

*Tobar v. United States,*
    639 F.3d 1191 (9th Cir. 2011) .................................................................. 10

*Tucson Airport Authority v. General Dynamics Corp.,*
    136 F.3d 641 (9th Cir. 1998) .................................................................... 15

*U.S. Army Corps of Eng. v. Hawks Co.,*
    136 S. Ct. 1807 (2016)............................................................................... 12

*Ukiah Valley Med. Ctr. v. Fed. Trade Comm'n,*
    911 F2d 261 (9th Cir. 1990) ........................................................... 12, 13, 14

*United States v. Guerrero,*
    693 F.3d 990 (9th Cir. 2012) .................................................................... 15

*United States v. Idaho,*
    508 U.S. 1 (1993)...................................................................................... 10

*United States v. Mitchell,*
    445 U.S. 535 (1980).................................................................................. 10

*United States v. Sherwood,*
    312 U.S. 548 (1941).................................................................................. 10

*United States v. Walker,*
    409 F.2d 477 (9th Cir. 1969) .................................................................... 15

*United States v. White Mountain Apache Tribe,*
    537 U.S. 465 (2003).................................................................................. 10

*Vieux v. E Bay Reg'l Park Dist.,*
    906 F.2d 1330 (9th Cir. 1990) .................................................................. 14

*Wedges/Ledges of Cal., Inc. v. City of Phoenix,*
    24 F.3d 56 (9th Cir. 1994) ........................................................................ 18

Statutes

5 U.S.C. § 704...........................................................................................................................12, 14

5 U.S.C. § 706(1).............................................................................................................................15

5 U.S.C. § 706(2).............................................................................................................................12

5 U.S.C. §§ 702 to 706....................................................................................................................10

5 U.S.C § 706...............................................................................................................................2, 8

28 U.S.C. § 1331..................................................................................................................i, 2, 10, 11

28 U.S.C. § 1651.........................................................................................................................10, 17

28 U.S.C. § 1651(a).........................................................................................................................17

28 U.S.C. § 2201.......................................................................................................................2, 8, 10

28 U.S.C. § 2201(a).........................................................................................................................17

28 U.S.C. §§ 1361...................................................................................................................passim

U.S.C. § 1331...................................................................................................................................11

Rules

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................9

Federal Rules of Civil Procedure 12(b)(1)...............................................................................1, 3, 8

Regulations

8 C.F.R. § 214.2(f)(1) .....................................................................................................................3

8 C.F.R. § 214.3(a)(1)(ii)................................................................................................................5

8 C.F.R. § 214.3(a)(3)(i).................................................................................................................5

8 C.F.R. § 214.3(g).........................................................................................................................5

8 C.F.R. § 214.3(l)..........................................................................................................................5

8 C.F.R. § 214.4...........................................................................................................................5, 14

8 C.F.R. § 214.4(a)(2).....................................................................................................................16

8 C.F.R. § 214.4(b).........................................................................................................................5

8 C.F.R. § 214.4(f)..........................................................................................................................7

8 C.F.R. § 214.4(h).........................................................................................................................6

8 CFR § 214.3(e)(2)........................................................................................................................5

8 CFR § 214.3(l)(1)(ii)........................................................................................................... 5

C.F.R. § 214.2(f)(5) .............................................................................................................. 4

# NOTICE OF MOTION

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on April 11, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4, 5th Floor, San Jose Federal Courthouse, the Honorable Edward J. Davila presiding, Defendants Kirsjten M. Nielsen, in her official capacity as Secretary of the Department of Homeland Security, United States of America, U.S. Department of Homeland Security, and U.S. Immigration and Customs Enforcement, Student and Exchange Visitor Program (collectively, "Defendants")[1], by and through their undersigned counsel, will appear and move the Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This motion is based on this Notice, the Court's files and records in this action, the Complaint, the attached Memorandum of Points and Authorities, the Court's files and records in this matter and/or other matters of which the Court takes judicial notice, and any oral argument that may be presented to the Court.

---

[1] Plaintiff has also named Does 1-10 as Defendants without any further identifying information or specific claims against them.  (Compl., ¶ 16).

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
18-6228  EJD                                                1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff International Technological University ("ITU") brings this action to challenge the Department of Homeland Security's Student Exchange Visitor Program's ("SEVP") allegedly improper retention of a document that ITU claims is an attorney-client privileged memorandum.  Plaintiff further alleges that SEVP has improperly relied on this document in its ongoing administrative action to withdraw ITU's certification to enroll nonimmigrant students and issue to such current and prospective students a document that is required to apply for an F-1 student visa:  Form I-20 (Certificate of Eligibility for Nonimmigrant Student Status).  Plaintiff's Complaint asserts four claims against Defendants:  (1) Declaratory Relief for Violation of Fifth Amendment Due Process Rights and Federal Common Law under 28 U.S.C. § 2201; (2) Declaratory Relief under the Administrative Procedures Act – 5 U.S.C § 706; (3) Injunctive Relief under the Administrative Procedures Act – 5 U.S.C. § 706; and (4) Relief under the Mandamus and Venue Act and All Writs Act – 28 U.S.C. §§ 1361 and 1651.  Each of Plaintiff's claims should be dismissed for the following reasons.

First, this Court lacks subject matter jurisdiction over most of Plaintiff's claims.  The general jurisdictional statutes, 28 U.S.C §§ 1331 and 1361, do not waive sovereign immunity.  Because a final agency action has yet to be issued, as Plaintiff's Complaint concedes, this Court lacks jurisdiction over Plaintiff's APA claims.  In addition, because Plaintiff has not specified a nondiscretionary duty that Defendants failed to perform, the court lacks jurisdiction under both the Mandamus and Venue Act and the All Writs Act.  Moreover, the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), is not an independent source of jurisdiction.  Instead, it only provides the remedy of declaratory relief where jurisdiction already exists.  Because Plaintiff has failed to sufficiently allege any violation of its due process rights pursuant to the Fifth Amendment, its Declaratory Judgment Act must be also dismissed.

Second, Plaintiff's Complaint fails to state a claim on which relief can be granted.  In addition to Plaintiff's failure to identify a final agency action that would support its APA claims, Plaintiff also fails to sufficiently allege that its due process rights were violated or that the federal defendants have violated its rights pursuant to the Mandamus or the All Writs Act.

Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

## II.   RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants request an order granting their motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction and further that Plaintiff failed to state a claim on which relief can be granted.

## III.   ISSUES TO BE DECIDED

1.   Whether Plaintiff's First Claim for Relief for violation of its due process rights pursuant to the Fifth Amendment must be dismissed for failure to state a claim in the absence of any constitutionally protected right.

2.   Whether Plaintiff's Second and Third Claims for injunctive and declaratory relief pursuant to the APA must be dismissed for lack of subject matter jurisdiction in the absence of any final agency action.

3.   Whether Plaintiff's Fourth Claim for Relief pursuant to the Mandamus and Venue Act and All Writs Act should be dismissed for lack of subject matter jurisdiction because Plaintiff has not specified a nondiscretionary duty that Defendants failed to perform.

4.   Whether Plaintiff's Complaint fails to state a claim on which relief can be granted.

## IV.   BACKGROUND

### A.   Regulatory Framework

Because this case revolves around SEVP's administrative action to revoke ITU's certification to issue the Form I-20 to current and prospective nonimmigrant students, a brief background on the statutes and regulations governing SEVP's authority to both grant and revoke such certification is warranted.

#### 1.   Nonimmigrant Student Status

"Nonimmigrant" classifications convey permission for a foreign national to enter the United States temporarily for a specific purpose. The F-1 nonimmigrant student classification allows foreign nationals to come to the United States to pursue a full course of study at an approved school or educational program. 8 U.S.C. § 101(a)(15)(F)(i). To qualify for an F-1 visa, a foreign national is required to (1) apply and gain admission to an approved U.S. educational institution, (2) obtain a Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, issued by the school, and (3) submit a visa application at the U.S. Embassy or Consulate where the foreign national resides. 8 C.F.R. §

214.2(f)(1).  The foreign national is required to demonstrate both an intent to pursue a full course of study at the school named on the Form I-20 as well as an intent to leave the United States upon completion of the course of study or a defined period of authorized practical training.  8 C.F.R. § 214.2(f)(5).  F-1 visa-holders are admitted for "duration of status," meaning the student is authorized to stay in the United States while he or she is pursuing a full course of study at an approved educational institution or engaging in authorized practical training following the completion of his or her studies.  *Id.*

## 2. SEVP Certification and Withdrawal of Certification

The Student and Exchange Visitor Program (SEVP), a program within U.S. Immigration and Customs Enforcement (ICE), manages the authorization process for U.S. educational institutions seeking to enroll nonimmigrant students.  Once certified, SEVP continues to monitor institutions for continued eligibility and compliance with the governing regulations.  Congress has enacted several statutes meant to eliminate potential vulnerabilities related to nonimmigrant student visas.  The Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996 mandated the development of a program to collect data on and improve the tracking of foreign students.  In 2001, Congress expanded the foreign student tracking system when it enacted the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act (USA PATRIOT ACT).  In 2002, Congress strengthened the tracking system, through the Enhanced Border Security and Visa Entry Reform Act of 2002, (EBSVERA), noting national security concerns and emphasizing the need to carefully track student status.  EBSVERA instituted a two-year recertification process for all SEVP-certified schools, requiring them to demonstrate continued eligibility for SEVP certification, including compliance with all record-keeping and reporting requirements.  In 2010, to prevent visa fraud, Congress enacted the Accreditation of English Language Training Programs Act, which required all English language training programs to be accredited by an accrediting agency recognized by the U.S. Department of Education to enroll nonimmigrant students.

Any school that wishes to enroll a nonimmigrant student on an academic or vocational visa (F-1 or M-1 visa respectively) must first obtain SEVP certification by demonstrating that it is, among other things, a "bona fide school," and an "established institution of learning," "possesses the necessary facilities, personnel, and finances to conduct instruction in recognized courses," and "is, in fact, engaged

1   in instruction in those courses." 8 C.F.R. § 214.3(a)(3)(i).  In order to obtain SEVP certification, the

2   petitioning school must submit a Form I-17 to inform SEVP of the type of school and the programs for

3   which it seeks approval to enroll nonimmigrant students and to certify that the designated school official

4   ("DSO") has read and understood the relevant federal regulations.  *See* 8 C.F.R. § 214.3(a)(1)(ii).

5   Schools are only allowed to enroll nonimmigrant students in the programs that are listed on their Form I-

6   17 and only after SEVP has approved the school's certification.  8 CFR § 214.3(e)(2), (f)(1).

7           On behalf of the U.S. Department of Homeland Security, SEVP uses the Student and Exchange

8   Visitor Information System (SEVIS) to track and monitor U.S. educational institutions that enroll

9   nonimmigrant students, as well as foreign students who are present in the United States pursuant to F or

10  M status.  8 C.F.R. § 214.2(f)(1)(iii).  Each SEVP-certified school appoints a principal designated school

11  official ("PDSO"), and may appoint additional DSOs, to carry out its record-keeping, reporting, and

12  other SEVP-related responsibilities.  8 C.F.R. § 214.3(l).  By maintaining records in SEVIS, the officials

13  serve as a link between nonimmigrant students and SEVP as they play a central role in ensuring that

14  nonimmigrant students maintain status while in the United States.  *See id., generally*.  The PDSO and

15  DSOs share many of the same responsibilities, including the issuance of Forms I-20 to foreign students,

16  but the PDSO serves as the point of contact for SEVP on any issue that relates to the school's regulatory

17  compliance as well as any system alerts generated by SEVIS.  8 CFR § 214.3(l)(1)(ii).  SEVIS can only

18  be accessed by authorized users.  8 C.F.R. § 214.3(g).  The PDSO and other DSOs are each assigned a

19  user name and password that provides secure access to SEVIS records and allows SEVP to track the

20  transactions performed by that specific PDSO or DSO.

21          Schools that fail to comply with the above-described record-keeping and reporting requirements,

22  or fail to follow the regulatory provisions concerning school certification and/or nonimmigrant student

23  status, are subject to the withdrawal of their SEVP certification.  8 C.F.R. § 214.4.  To commence a

24  withdrawal proceeding, SEVP issues a Notice of Intent to Withdraw (NOIW) to the school informing it

25  of the reasons for the withdrawal.  8 C.F.R. § 214.4(b).  The school then has an opportunity to respond

26  to the alleged violations.  *See id*.  If, after consideration of the school's response to the NOIW, SEVP

27  decides to withdraw a school's certification, SEVP will issue a Withdrawal on Notice ("WON").  The

28  school then may appeal to the Administrative Appeals Team ("the AAT"), an internal appeals body

within ICE, and thereafter to federal court.  8 C.F.R. § 214.4(h).

### B.    Plaintiff's Allegations

In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and all well-pleaded facts alleged in the complaint are taken as true.  *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 889 (1990); *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).  Therefore, Plaintiff's allegations cited herein are taken from Plaintiff's October 11, 2018 Complaint and are assumed true for purposes of this motion only.

#### 1.    ITU's SEVP Certification

ITU is a non-profit organization operating a university accredited by the Western Association of Schools and Colleges Senior Commission for Universities and Colleges ("WASC").  Compl., ¶ 20.  ITU earned WASC accreditation in February 2013.  Compl., ¶ 21.  ITU offers degree programs in business administration, computer engineering, digital arts, electrical engineering, engineering management, and software engineering.  *Id*. at ¶ 11.  ITU is headquartered in San Jose, California.  *Id*.  ITU obtained SEVP certification in 2003.  *Id*. at ¶ 33.

#### 2.    ITU's Outside Counsel Investigation

ITU claims that it engaged the law firm of Nolan, Barton & Olmos LLP ("the Nolan firm") to investigate concerns regarding ITU's student records in May 2014.  Compl., ¶ 30.  It further alleges that David Olmos, an attorney with the Nolan firm, led the investigation with support from colleagues.  *See id*.  In September 2014, when the investigation was complete, Olmos authored a memorandum to ITU.  *See id*.  The final version of the memo is dated October 6, 2014.  *See id*.  ITU asserts that the memo "contains the Nolan Law Firm's thoughts and impressions as counsel to ITU."  *See id*.

ITU alleges that the Nolan firm advised it regarding its SEVP certification during and after the internal investigation, and that ITU understood that the investigation, resulting report and related advice provided by the Nolan firm were attorney-client privileged.  *See id*. at ¶ 31.  ITU also alleges that the Nolan Memorandum is attorney work product.  *See id*.  Finally, it alleges that ITU never authorized the production of the Nolan Memorandum to any third party.  *See id*.

#### 3.    SEVP's Administrative Action To Withdraw ITU's Certification and ITU's Claims of Privilege and Demands for Return of the Nolan Memorandum

On July 26, 2016, SEVP served ITU with a Notice of Intent to Withdraw, which described the

alleged misconduct of former school administrators as a ground for the revocation of ITU's certification. Compl., ¶ 34.  The NOIW stated that "[o]n January 13, 2015, SEVP received a copy of an October 6, 2014 report commissioned by International Technological University on May 2, 2014 summarizing an investigation 'regarding ITU['s] response to January 2014 Student and Exchange Visitor Program Request for Evidence, Including History of Related Conduct.'"  *See id*.  ITU claims that it did not know that SEVP had received a copy of this report prior to the receipt of the NOIW.  *See id*. at ¶ 35.

On August 26, 2016, ITU sent a letter to Timothy Hicks, Chief of SEVP's Analysis and Operations Center.  The letter asserted that the document cited in the NOIW, identified by ITU as the Nolan Memorandum, was protected by the attorney-client privilege and that ITU had not authorized SEVP to receive a copy.  *See id*. at ¶ 36(a).  The letter directed SEVP to return the document to ITU. *See id*.

On September 6, 2016, ITU received a letter from Beth Gibble, SEVP, Homeland Security Investigations, denying that the Nolan Memorandum was an attorney-client privileged document.  *See id*. at ¶ 36(b).  Gibble asserted that any "privilege was waived by its intentional disclosure or lost by ITU's failure to timely assert or reasonably protect the privilege."  *Id*.  ITU and SEVP continued to correspond about ITU's privilege assertion in September and October 2016.  *See id*. at ¶ 36(c)-(f).

On September 26, 2016, ITU formally responded to the NOIW in a letter brief supported by witness declarations and documents.  *See id*. at ¶ 37.  ITU's response included a request for an interview with SEVP, as permitted by SEVP regulations.  *See id*., *see also* 8 C.F.R. § 214.4(f).  ITU's response reiterated to SEVP that it believed SEVP was improperly relying on attorney-client privileged information and renewed its request for the return of the Nolan Memorandum.  *See id*. at ¶ 38.

On July 18, 2017, SEVP served ITU with a Withdrawal on Notice ("2017 Withdrawal") announcing that it was withdrawing ITU's certification.  *See id*. at ¶ 39.  ITU appealed the 2017 Withdrawal on the grounds that SEVP had denied its request for a telephonic interview and that its continued reliance on the memorandum was a violation of ITU's due process rights.  *See id*. at ¶ 40.  On September 28, 2017, SEVP rescinded its 2017 Withdrawal and reopened the proceedings.  *See id*. at ¶ 41.  SEVP then interviewed ITU via telephone on October 18, 2017.  *See id*.  ITU asserts that the interview was insufficient.  *See id*.

On April 18, 2018, SEVP issued to ITU a new Withdrawal on Notice (the "2018 Withdrawal") again announcing that it was withdrawing ITU's certification. *See id*. at ¶ 42.  The 2018 Withdrawal stated that SEVP disagreed that the Nolan Memorandum was privileged or, alternatively, that any applicable privilege was waived. *See id*. at ¶ 43.  ITU appealed the 2018 Withdrawal. *See id*.

On August 6, 2018, ITU wrote to Ms. Glasoe of SEVP and reiterated its assertion that SEVP was obligated to return or destroy all copies of the Nolan Memorandum. *See id*. at 44.

### C.     Procedural History and Plaintiff's Claims

On October 11, 2018, ITU filed a Complaint in federal district court.  It named as defendants Kirstjen M. Nielsen, in her official capacity as Secretary of the Department of Homeland Security ("DHS"), the United States, DHS, United States Immigration and Customs Enforcement, SEVP, and Does 1 through 10, inclusive.  ITU brought this action because it alleges SEVP "has been in the unauthorized possession of a privileged communication between ITU and its counsel," "has refused to return the document or reveal how it came into possession of the document;" and "has instead relied on the document to attempt to revoke ITU's ability to admit nonimmigrant students, a potential death knell for the school."  Compl., at ¶ 2.  ITU asserts the following claims for relief:  (1) Declaratory Relief for Violation of Fifth Amendment Due Process Rights and Federal Common Law under 28 U.S.C. § 2201; (2) Declaratory Relief under the Administrative Procedures Act, 5 U.S.C. § 706; (3) Injunctive Relief under the Administrative Procedures Act, 5 U.S.C. § 706; and (4) Relief under the Mandamus and Venue Act and All Writs Act, 28 U.S.C. §§ 1361 and 1651.

## V.     STANDARDS OF REVIEW

### A.     Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), the court should dismiss a complaint where the plaintiff has failed to establish the court's subject matter jurisdiction.  The plaintiff bears the burden of establishing subject matter jurisdiction.  *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). A court must presume lack of subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).  On a motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party [converts] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). A motion to dismiss for failure to exhaust administrative remedies may be brought as a 12(b)(1) motion. *See Benson v. JP Morgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012).

## B.     Rule 12(b)(6)

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss the complaint if it fails to state a claim upon which relief can be granted. A court should grant dismissal pursuant to Rule 12(b)(6) where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). That standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion, a Court typically must accept all allegations and material facts as true and must construe those facts in favor of the plaintiff. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*. "In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that 'the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged.'" *Limon v. Rodriguez v. U.S. Dep't of Homeland Sec.*, 2012 WL 1416274, at *2 (S.D. Cal. Apr. 24, 2012) (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The facts alleged

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570.

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## VI.    ARGUMENT

### A.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

As a basis for jurisdiction, Plaintiff's Complaint invokes the general jurisdictional statutes found at 28 U.S.C. § 1331 and 1361, the limited waiver of sovereign immunity in the APA (5 U.S.C. §§ 702 to 706), the DJA (28 U.S.C. § § 2201 to 2202), and the All Writs Act (28 U.S.C. § 1651). *See* Compl., ¶ 17.  None, however, authorize Plaintiff's claims against Defendants.

#### 1.    Plaintiff Fails To Establish Any Waiver of Sovereign Immunity Pursuant to the General Jurisdictional Provision in 28 U.S.C. § 1331 or § 1361.

"It is elementary that the United States, as sovereign, is immune from suit except as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 548, 586 (1941).  Waivers of sovereign immunity must be "unequivocally expressed in the statutory text...strictly construed in favor of the United States...not enlarged beyond what the language of the statute requires." *United States v. Idaho*, 508 U.S. 1, 6-7 (1993) (internal quotations and citations omitted); *see also Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011).  Before a court may exercise jurisdiction over any suit against the United States, it must have a clear statement that the government has waived sovereign immunity, together with a claim falling within the terms of that waiver. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).  The general principle that the United States cannot be sued without the consent of Congress extends to federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  In addition, this includes suits against federal officers in their official capacities to compel them to act. *Dugan v. Rank*, 372 U.S. 609, 621-22 (1963).  Plaintiff has the burden of finding and proving an explicit waiver of sovereign immunity. *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007); *see also McNutt v. General Motors Acceptance Corp. Of Indiana*, 298 U.S. 178, 188-89 (1936).

As a basis for jurisdiction, Plaintiff's Complaint invokes general jurisdictional statutes found at 28 U.S.C. §§ 1331 and 1361.  It is well-established, however, that these grants of jurisdiction do not constitute waivers of sovereign immunity.  Section 1331 affords a grant of jurisdiction to the district courts for matters raising federal questions.  Although Section 1331 "provides that the district court shall have original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States," it "cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity."  28 U.S.C. § 1331, *Dunn & Black, P.S.*, 492 F.3d at 1088 (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985).  Similarly, section 1361, the mandamus statute, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  It is well settled that this statute does not, by itself, waive sovereign immunity.  *See Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9 Cir. 1999); *see also Smith v. Grimm*, 534 F.2d 1346, 1352 n9 (9th Cir. 1976).

Accordingly, Plaintiff has failed to establish that the United States has waived its sovereign immunity pursuant to the jurisdictional provision in 28 U.S.C. §§ 1331 and 1361.

**2.    There is No Subject Matter Jurisdiction Over Plaintiff's APA Claims Because, as Plaintiff Acknowledges, There Has Been No Final Agency Action.**

**(i)    The APA's limited waiver of sovereign immunity does not apply in the absence of a final agency action.**

Plaintiff has failed to allege any final agency action that is subject to judicial review pursuant to the APA.  Importantly, without final agency action, the limited waiver of sovereign immunity under the APA does not apply and the case must be dismissed for lack of subject matter jurisdiction.

Plaintiff seeks declaratory and injunctive relief pursuant to Section 706(2) of the APA on the grounds that Defendants have violated the Due Process Clause by failing to promptly return the Nolan Memorandum to ITU, and by "possessing, concealing, reviewing, and using" it to withdraw ITU's SEVP certification.  *See* Compl., ¶ 58-78.  Section 706(2) of the APA provides that a court shall:...

> hold unlawful and set aside agency action, findings, and conclusions found to be
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law,

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2).  To obtain judicial review, however, Plaintiff must challenge a final agency action or "[a]gency action made reviewable by statute."  5 U.S.C. § 704; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990); *see also Oregon Natural Dessert Ass'n v U.S. Forest Serv*., 465 F.3d 977, 982 (9th Cir. 2006).  "Only final agency decisions are subject to review under the APA."  *Pac. Coast Fed. of Fishermen's Ass'n Inc. v. Nat. Marine Fisheries Serv*., 265 F.3d 1028, 1033 (9th Cir 2001); 5 U.S.C. § 704.  "[F]inality is, where applicable, a jurisdictional requirement . . . . Therefore, a finding of finality, or of an applicable exception, is essential when the court's reviewing authority depends on one of the many statutes permitted appeal only of final agency action, such as § 10 of the APA, 5 U.S.C. § 704."  *Ukiah Valley Med. Ctr. v. Fed. Trade Comm'n*, 911 F2d 261, 264 n. 1 (9th Cir. 1990) (internal citation and quotation marks omitted) (emphasis original).  If there has been no final agency action, Plaintiff's claim must be dismissed for lack of subject-matter jurisdiction.  *See Fairbanks N. Star Borough v. U.S. Army Corp. of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008) (finality is a jurisdictional requirement to obtaining judicial review under the APA) (internal citations omitted).

"Two conditions must be satisfied for agency action to be 'final': First, the action must mark the 'consummation' of the agency's decisionmaking process . . . it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'"  *U.S. Army Corps of Eng. v. Hawks Co*., 136 S. Ct. 1807, 1813 (2016) (internal quotations and citations omitted); Bennett v. Spear, 520 U.S. 154 (1997) (internal citation omitted); *Pac. Coast Fed. of Fishermen's Ass'n Inc*., 265 F.3d at 1033; *City of San Diego v. Whitman*, 242 F.3d 1097, 1102 (9th Cir. 2011) (for an agency action to be final it must "impose an obligation, deny a right or fix some legal relationship.").  When an action is not a

1   "definitive" statement of the agency's position and does not have a "direct and immediate . . . effect on

2   the day-to-day business" on the subject party, it is not "final." *Ukiah Valley Med. Ctr.*, 911 F.2d at 264

3   (explaining that the Federal Trade Commission's issuance of a complaint against the plaintiff did not in

4   itself constitute a definitive determination that the agency had jurisdiction; rather, that issue was still

5   pending before the administrative law judge and could be resolved in the plaintiff's favor).

6          Here, Plaintiff fails to sufficiently allege that there has been a final agency action.  In fact, to the

7   contrary, Plaintiff's Complaint concedes that the agency's "final adjudication of ITU's certification is

8   not yet complete." *Id*. at ¶ 50.  In light of this admission acknowledging the pendency of its appeal with

9   ICE, Plaintiff has not established that it may avail itself of the limited waiver of sovereign immunity

10  pursuant to the APA for judicial review of final agency actions, *see Gallo Cattle Co. v. U.S. Dep't of*

11  *Agric.*, 159 F.3d 1194, 1198 (9th Cir. 1998), and its APA claims must be dismissed for lack of subject-

12  matter jurisdiction.  *Fairbanks N. Star Borough*, 543 F.3d at 591.

13         At best, Plaintiff's allegations amount to a substantive challenge of ICE's ongoing evaluation of

14  Plaintiff's certification, and the retention of materials provided to the agency.  SEVP's retention of the

15  Nolan Memorandum in connection with its administrative process is not the consummation of the

16  agency's decision-making.  Nor is it an action by which rights or obligations have been determined, or

17  from which legal consequences will flow.  Notably, Plaintiff also has not sufficiently articulated an

18  applicable exception that would overcome this jurisdictional bar to review.  As a result, SEVP's

19  retention of the Nolan Memorandum, standing alone, is not reviewable under the APA.

20         Accordingly, Plaintiff has failed to sufficiently allege that the United States has waived its

21  sovereign immunity with respect to Plaintiffs' Second and Third claims for relief.

22             **(ii)    Plaintiff's APA claims are not ripe and have not been administratively**
               **exhausted.**

23

24         Because the agency's adjudication of ITU's certification is ongoing, by way of ITU's appeal of

25  the 2018 Withdrawal, Plaintiff's APA claim should be dismissed on ripeness and exhaustion grounds.

26  *See* Compl., ¶ 49-50 (asserting that ITU appealed the 2018 Withdrawal and the agency's final

27  adjudication of that appeal is not yet complete).  The ripeness doctrine avoids "premature adjudication"

28  of disputes, *Scott v. Pasadena Unif. Sch. Dist.*, 306 F.3d 646, 662 (9th Cir. 2002), and "prevents courts

1   from deciding abstract issues that have not yet had a concrete impact on the parties," *Vieux v. E Bay*

2   *Reg'l Park Dist.*, 906 F.2d 1330, 1344 (9th Cir. 1990).   To determine whether a claim is ripe for judicial

3   review, courts focus on "(1) the fitness of the issues for judicial decision, and (2) the hardship to the

4   parties of withholding court consideration."   *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S.

5   803, 808 (2003).

6        Under the related doctrine of exhaustion, exhaustion of administrative matters is judicially

7   imposed as a prudential matter where (1) agency expertise makes agency consideration necessary to

8   generate a proper record and generate a proper decision, (2) relaxation of the requirement would

9   encourage the deliberate bypass of the administrative schedule, and (3) administrative review is likely to

10  allow the agency to correct its own mistakes and to preclude the need for judicial review.  *See Liang v.*

11  *Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004) ("Under the doctrine of exhaustion, 'no one is entitled to

12  judicial relief for a supposed or threatened injury until the prescribed ... remedy has been exhausted.'

13  Exhaustion can be either statutorily or judicially required) (quoting *McKart v. United States*, 395 U.S.

14  185, 193 (1969)); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Sheikh v. Lynch*, 2015 WL

15  7731802, at * 2 (N.D. Cal. Dec. 1, 2015); *cf. Ukiah Valley Med. Ctr*, 911 F.2d at 266-67 & n1

16  (discussing the relation between finality, ripeness and exhaustion in administrative law, but noting that

17  "a finding of finality, or an applicable exception, is essential when the court's reviewing authority

18  depends on one of the many statutes permitting appeal only of 'final' agency action, such as § 10 of the

19  APA, 5 U.S.C. § 704").

20       Ripeness and exhaustion considerations weigh in favor of requiring the completion of the

21  agency's adjudication, as ITU elected to appeal the withdrawal of its certification and this appeal is

22  pending with the agency.  This process relates to a matter within the agency's expertise: compliance

23  with the regulatory provisions concerning school certification and/or nonimmigrant student status.  8

24  C.F.R. § 214.4.  ITU has affirmatively exercised its right to request an appellate review of the

25  withdrawal of its SEVP certification and this administrative review is ongoing.  Moreover, ITU has

26  conceded that the agency's "final adjudication of ITU's certification is not yet complete."  *Id*. at ¶ 50.

27  Accordingly, Plaintiff's APA claim should be dismissed as premature.

28

3. **Plaintiff Has Failed To Sufficiently Allege That This Court Has Jurisdiction Pursuant To The Mandamus And Venue Act And All Writs Act.**

(i) **This Court lacks subject matter jurisdiction pursuant to the Mandamus and Venue Act because Plaintiff failed to specify a nondiscretionary duty that Defendants failed to perform.**

Plaintiffs have failed to establish that this Court has subject matter jurisdiction over its claim for relief pursuant to the Mandamus & Venue Act of 1962 ("MVA"), 28 U.S.C. § 1361.  Under the MVA, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[2]  *See id.*  The writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes."  *United States v. Guerrero*, 693 F.3d 990, 999 (9th Cir. 2012) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004)).  It will only lie when a plaintiff's claim is certain and the duty of an officer is plainly prescribed.  *Tucson Airport Authority v. General Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998); *Nova Stylings v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983).  Thus, to invoke jurisdiction, the act "to be compelled must be mandatory or ministerial and not discretionary."  *Kennecott Copper Corp. v. Costle*, 572 F.2d 1349, 1356 (9th Cir. 1978) (citing *Short v. Murphy*, 512 F.2d 374 (6th Cir. 1975) and *United States v. Walker*, 409 F.2d 477, 481 (9th Cir. 1969)).  Further, the existence of alternate remedies precludes reliance on this section.  *Id.* (citing *Cartier v. Secretary of State*, 506 F.2d 191 (D.C. Cir. 1974), cert. denied, 421 U.S. 947 (1975)); *Nova Stylings* at 1180.

Subject matter jurisdiction under § 1361 will lie only if "(1) the individual's claim is clear and

---

[2] Plaintiff's Complaint does not make any specific reference to the provision of the APA that allows a court to compel "agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1) (see Compl., ¶ 59 and 70, both citing 5 U.S.C. 706(2) as the grounds for the requested relief).  Defendants note that the jurisdictional dimensions of the APA and the Mandamus Act are considered coextensive for purposes of compelling agency action that has been unreasonably delayed.  Where the relief sought is identical under the APA and the mandamus statute, proceeding under one as opposed to the other is not significant.  *See Dong v. Chertoff*, 513 F.Supp.2d 1158, 1161–62 (N.D.Cal. 2007) (citing *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir.1997); *Hernadez–Avalos v. I.N.S.*, 50 F.3d 842, 845 (10th Cir.1995) (citation omitted) (" '[a] mandatory injunction [issued under the APA] ... is essentially in the nature of mandamus' ")).  "Although the exact interplay between these two statutory schemes has not been thoroughly examined by the courts, the Supreme Court has construed a claim seeking mandamus under the MVA [Mandamus and Venue Act], 'in essence,' as one for relief under § 706 of the APA."  *Independence Mining*, 105 F.3d at 507 (citing *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 n. 4 (1986)).  To the extent this proposition is applied here, as set out in detail above, this Court lacks subject matter jurisdiction pursuant to the APA because Plaintiff concedes that there has been no final agency action.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
18-6228  EJD                    15

1  certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free

2  from doubt; and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th

3  Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)).  Here, Plaintiff's claim is not

4  clear or certain, nor has it specified a nondiscretionary duty that Defendants failed to perform.  In fact,

5  the very nature of SEVP's withdrawal process pursuant to 8 C.F.R. § 214.4(a)(2) is discretionary, and a

6  mandamus claim is, therefore, inherently misplaced.  When SEVP first issues a NOIW, the reasons for

7  the possible withdrawal of SEVP certification are outlined in detail and the school is permitted to

8  respond and is provided with detailed directions for doing so in the NOIW.  SEVP then considers the

9  school's response in pursuing the issuance of a WON.  This discretionary act gives SEVP the ability to

10  assess each situation and determine whether to issue a WON or allow the school to maintain SEVP

11  certification.  Accordingly, as Plaintiff has not specified a nondiscretionary duty that Defendants failed

12  to perform, the court lacks jurisdiction under the MVA.  See, e.g., *Ober-Galos v. Napolitano*, 2015 WL

13  394626, at *4 (N.D. Cal. Jan. 29, 2015) (holding that the court lacked jurisdiction where plaintiffs failed

14  to specify a nondiscretionary duty that defendants failed to perform) (citing *Kassem v. Chertoff*, 2009

15  WL 817642, at *6 (E.D. Cal. Mar. 27, 2009) (finding court lacked jurisdiction pursuant to MVA

16  because, even though plaintiff disagreed with outcome of petition, defendant had processed application

17  and thus plaintiffs failed to specify violation of nondiscretionary duty).

18        Moreover, Plaintiff has other means to obtain its desired relief.  *See Indep. Min. Co. v. Babbitt*,

19  105 F.3d 502, 507 n.6 (9th Cir. 1997) ("we question the applicability of the traditional mandamus

20  remedy under the MVA where there is an adequate remedy under the APA").  SEVP has issued an

21  NOIW to ITU and afforded a telephonic interview, as outlined in the facts above, applying its discretion

22  and allowing ITU the opportunity to respond to SEVP's allegations of noncompliance prior to revoking

23  its certification to enroll nonimmigrant students.  If SEVP ultimately issues a WON to a school, the

24  school may appeal to the AAT within ICE, as ITU has done here.  To the extent ITU disagrees with the

25  agency's final determination, which has not yet been issued, it may file a claim in federal district court.

26  ///

27  ///

28  ///

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
18-6228 EJD                              16

1

2

> **(ii)** **In the absence of subject matter jurisdiction pursuant to the Mandamus and Venue Act, this Court also lacks subject matter jurisdiction pursuant to the All Writs Act because it does not confer jurisdiction standing alone.**

3

4

Courts have jurisdiction under the All Writs Act to "issue all writs necessary or appropriate in aid of [our] jurisdiction[ ] and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  "The All Writs Act, 28 U.S.C. § 1651(a), empowers federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."  28 U.S.C. § 1651(a); *Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985).  "[T]his judicial power is limited and is to be used in only the most extreme circumstances."  *Id.*  "The All Writs Act does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists."  *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999). Because ITU has failed to establish that this Court has subject matter jurisdiction pursuant to the MVA, as set out above, there is no basis for jurisdiction pursuant to the All Writs Act.

5

6

7

8

9

10

11

ITU's Mandamus and Venue Act and All Writs Act claim should be dismissed.

12

13

### 4. The Declaratory Judgment Act Does Not Establish Federal Jurisdiction.

14

Plaintiff's attempt to establish that this Court has jurisdiction pursuant to the DJA fails.  The DJA "is not an independent source of federal jurisdiction."  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).  To the contrary, the DJA is "procedural only," and does not establish subject matter jurisdiction.  *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538 543 (9th Cir. 2011).  Section 2201(a) provides, in part:

15

16

17

18

19

> In a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

20

21

22

23

28 U.S.C. § 2201(a) (emphasis added).

24

Thus, the DJA does not expand the Court's jurisdiction.  Instead, it grants a remedy where jurisdiction already exists.  *See id.*, *see also Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) ("while the DJA expanded the scope of the federal courts' remedial powers, it did nothing to alter the courts' jurisdiction"); *see also Brownell v. Ketcham Wire & Mfg. Co.*, 211 F. 2d 121, 128 (9th Cir. 1954).  Moreover, it is well-established that the DJA does not constitute the

25

26

27

28

1   United States' consent to be sued and it cannot be construed as a waiver of sovereign immunity.  *See*

2   *Brownell*, 211 F. 2d at 128; *see also Burns Ranches v. Dep't. of Interior*, 851 F.Supp.2d 1267, 1271-72

3   (D. Oregon 2012) (collecting cases and holding that Plaintiff failed to establish either a waiver of

4   sovereign immunity or subject matter jurisdiction by way of its exclusive reliance on the DJA).  Thus, if

5   Plaintiff's APA, Constitutional, Mandamus Act and All Writs Act claims are dismissed, the Court lacks

6   jurisdiction to hear a stand-alone Declaratory Judgment claim.

7   **B.      Plaintiff Has Failed to State a Claim On Which Relief Can Be Granted**

8          Given that Plaintiff has failed to allege any final agency action that would provide this Court

9   with subject matter jurisdiction pursuant to the APA's limited waiver of sovereign immunity, or the

10  Mandamus and All Writs Act, it has also failed to state a claim on which relief can be granted.

11  Accordingly, it would be premature to reach any of Plaintiff's other allegations in support for its Second,

12  Third and Fourth Claims for relief.

13         Even if Plaintiff had established subject matter jurisdiction, however, the due process allegations

14  it asserts in its First Claim for Relief fail to state a claim for relief.

15  **1.      Plaintiff Has Failed to Sufficiently Allege a Due Process Violation**

16         Plaintiff's due process allegations fail to state a claim for relief.  The Due Process Clause of the

17  Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due

18  process of law."  U.S. Const. amend. V.  "'A threshold requirement to a substantive or procedural due

19  process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution.'"

20  *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013) (quoting *Wedges/Ledges of Cal., Inc. v. City of*

21  *Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994)); *see Bd. of Regents of State of Colleges v. Roth*, 408 U.S. 564,

22  569-70 (1972) (only "when protected interests are implicated, the right to some kind of prior hearing is

23  paramount.  But the range of interests protected by procedural due process is not infinite.").

24         Plaintiff alleges that Defendants violated the Due Process Clause "by failing to promptly return

25  the Privileged Report to ITU and by further possessing, concealing, reviewing, and using the Privileged

26  Report in the adjudication of ITU's SEVP certification."  *See* Compl., ¶ 56.  Plaintiff further alleges that

27  Defendants' "unauthorized possession, review, and use of the Privileged Report causes ongoing harm to

28  ITU."  *See* Compl., ¶ 57.  Plaintiff, however, has failed to exhaust its administrative remedies and,

1  further, has failed to state a claim for which relief can be granted.

2      First, the Supreme Court has acknowledged the general rule that parties must exhaust prescribed

3  administrative remedies before seeking relief from the federal courts. *McCarthy v. Madigan*, 503 U.S.

4  140, 144-45 (1992), *superseded by statute on other grounds*. Where Congress has not required

5  exhaustion, whether to require exhaustion is within the discretion of the district court. *Id*. at 144.

6  Exhaustion is typically required because it serves the twin purposes of protecting administrative agency

7  authority and promoting judicial efficiency. *Id*.

8      Here, ITU has failed to exhaust its administrative remedies. It admits in its Complaint that "the

9  final adjudication of ITU's certification is not yet complete" and that it appealed the 2018 Withdrawal.

10 *See* Compl., ¶ 43, 50. That appeal is presently pending with the agency. Furthermore, Plaintiff has

11 failed to demonstrate any entitlement to waiver of the exhaustion requirement. Even if the allegations in

12 the Complaint could be read to implicate a constitutional due process right, no exception to the

13 requirement for administrative exhaustion applies. The Supreme Court has held that exhaustion is not a

14 prerequisite in those limited circumstances where "the constitutional claim is entirely collateral to [the]

15 substantive claim" and "raises 'a colorable claim' that an unfavorable administrative determination

16 would result in irreparable harm. *Matthews v. Eldridge*, 424 U.S. 319, 331 (1976); *see Girard v.

17 Klopfenstein*, 930 F.2d 738, 741 (9th Cir. 1991) (explaining the three part test to determine when

18 administrative exhaustion is not required:  the claim at issue must be one, collateral to a substantive

19 claim of entitlement; two, colorable in its showing that refusal of relief will cause an injury which

20 retroactive payments cannot remedy; and three, a claim whose resolution would not serve the purposes

21 of exhaustion). Here, none of the exceptions to the exhaustion requirement apply. Moreover, Plaintiff's

22 Complaint does not establish that requiring exhaustion would be futile. Plaintiff has not shown a

23 certainty of an adverse determination. Nor would Plaintiff suffer irreparable harm if the exhaustion

24 requirement were enforced against it.

25     Second, even if Plaintiff had exhausted its claims, its broad assertions that its due process rights

26 were violated do not satisfy *Iqbal's* pleading requirements. "To survive a motion to dismiss, a

27 complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

28 plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To state a

1   constitutional violation of a procedural due process right, a plaintiff must allege facts showing that he

2   was deprived of a liberty or property interest that warrants due process protection.  *See Mathews v.*

3   *Eldridge*, 424 U.S. 319, 332 (1976).  "A procedural due process claim has two elements: deprivation of

4   a constitutionally protected liberty or property interest and denial of adequate procedural protection."

5   *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F.3 d 963, 970 (9th

6   Cir.2010).

7          Here, Plaintiff has failed to establish either of the two elements of this test.  Notably, it has not

8   and cannot establish a deprivation of its constitutionally protected liberty or property interest by way of

9   any alleged invasion of the attorney-client privilege.  Both the Supreme Court and the Ninth Circuit

10  have declined to recognize the attorney-client privilege, standing alone, as constitutionally protected.

11  *See, e.g., Maness v. Meyers*, 419 U.S. 449, 466 n.15, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975) ("We are not

12  aware that the Court has even identified a 'constitutionally protected attorney-client' privilege....");

13  *Clutchette v. Rushen*, 770 F.2d 1469, 1471 (9th Cir.1985) ("Standing alone, the attorney-client privilege

14  is merely a rule of evidence; it has not yet been held a constitutional right.").

15         In addition, Plaintiff has failed to sufficiently allege any denial of adequate procedural protection

16  by way of an agency's declination to return a document which was voluntarily provided to ICE and over

17  which ITU has asserted privilege during a still-pending administrative action.  Not every deprivation of

18  liberty requires the full arsenal of available procedural safeguards.  *See Dixon v. Love*, 431 U.S. 105,

19  115 (1977) ("[P]rocedural due process in the administrative setting does not always require application

20  of the judicial model.").  The relevant inquiry is not what additional procedures might be helpful, but

21  whether the existing procedures are constitutionally defective because they present an unreasonable risk

22  of an erroneous deprivation of the private interest, in light of the particular situation — in particular, the

23  government's interest and the probable value of additional safeguards.  *See Clancy v. Office of Foreign*

24  *Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 600 (7th Cir. 2008).  Here, ITU acknowledged

25  that the administrative process is ongoing, and has failed to sufficiently allege that SEVP's appeal

26  process is constitutionally defective.

27         ///

28         ///

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
18-6228  EJD                                20

1

**VII.     CONCLUSION**

2

     For the reasons stated above, Plaintiff's Complaint should be dismissed.

3

DATED: December 17, 2018                Respectfully submitted,

4

5

                                 ALEX G. TSE
                                 United States Attorney

6

                                 /s Rebecca A. Falk

7

                                 REBECCA A. FALK
                                 Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28