DAVID L. ANDERSON (CABN 149604)
United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

REBECCA A. FALK (CABN 226798)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7022
    FAX: (415) 436-6745
    Rebecca.Falk@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERNATIONAL TECHNOLOGICAL UNIVERSITY FOUNDATION, INC., <br><br>    Plaintiff, <br><br>V. <br><br>KIRSTJEN M. NIELSEN, in her official capacity as SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, STUDENT EXCHANGE AND VISITOR PROGRAM, and DOES 1 THROUGH 10, INCLUSIVE, <br><br>    Defendants. | CASE NO. 18-CV-06228 EJD <br><br> DECLARATION OF JAMES D. HICKS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION <br><br> Date: June 13, 2019 <br> Time: 9 a.m. |

Pursuant to 28 U.S.C. § 1746, I, James D. Hicks, do hereby declare:

1. I am employed by the United States Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), as the Division Chief for External Operations at the Student and Exchange Visitor Program ("SEVP"). I began acting in this position on December 11, 2017, and became the permanent chief on February 3, 2019. I was initially employed by ICE in 2009 as an Associate Legal Advisor within the Office of the Principal Legal Advisor ("OPLA") and held the position of Chief of the Enforcement Law Section within OPLA from April 22, 2012 through February 2, 2019.

2. In my capacity as the Division Chief for External Operations, I am responsible for SEVP's oversight and management of schools enrolling international students, as well as the Field Representative Unit, the SEVP Response Center, and the development of policies and regulations related to SEVP. Previously, I provided legal advice on these issues as Chief of the Enforcement Law Section.

3. To ensure compliance with certification obligations, federal regulations authorize SEVP to review a school's certification at any time via an out-of-cycle review to verify compliance with regulations governing recordkeeping, retention, reporting, and other mandatory requirements. Schools that fail to comply with all recordkeeping and reporting requirements or other legal requirements may have their SEVP certification withdrawn.

4. SEVP will conduct an out-of-cycle review upon receipt of information indicating a material change to the school's information impacting eligibility, e.g., a change of address, or upon information indicating possible compliance issues at a certified school, such as recordkeeping and reporting failures.

5. SEVP certification will be withdrawn on notice, after an out-of-cycle review, if the school or school system is determined to no longer be entitled to certification for any valid and substantive reason.

6. In such cases, SEVP initiates a compliance action by issuing a Notice of Intent to Withdraw ("NOIW") the school's certification. The NOIW explains the specific regulations SEVP alleges the school violated. The school then has an opportunity to respond to the allegations and may be assisted by counsel

of its choice at no expense to the government. In responding to the NOIW, the school may request a telephonic interview.

7. If SEVP determines that a school is no longer eligible for certification after considering the school's NOIW response, SEVP will proceed with a Withdrawal on Notice ("WON").

8. On May 21, 2003, International Technological University Foundation, Inc. ("ITU") was certified by SEVP to enroll nonimmigrant students for the following degrees: Bachelor of Science, Master of Science, and Master of Business Administration.

9. In 2010, SEVP initiated an out-of-cycle review after learning ITU failed to report the death or make appropriate updates in the Student and Exchange Visitor Information System (SEVIS) database regarding of one of its nonimmigrant students. The student had been living in another state, raising compliance concerns for SEVP.

10. Pursuant to this investigation, SEVP conducted a site visit at ITU on November 16-17, 2010, during which SEVP issued a request for student records for several nonimmigrant enrollees, including the deceased student's records.

11. As SEVP continued to investigate the school's recordkeeping and reporting practices, ITU petitioned for approval of its campus location change on March 29, 2011. Pursuant to that request, and in connection with SEVP's ongoing investigation of ITU's recordkeeping and reporting-related anomalies, SEVP issued multiple requests for evidence and for nonimmigrant student records from April 2011 through April 2012.

12. On April 30, 2012, ITU's campus location change was approved as SEVP continued to investigate recordkeeping and reporting issues at the school.

13. On December 6, 2013, ITU petitioned for recertification. In connection with SEVP's adjudication of the school's recertification petition and in furtherance of its ongoing investigation, SEVP issued additional requests for evidence and for student records from January 2014 through April 2014,

noting significant compliance issues in the school's February 17, 2014, and May 10, 2014 responses, including missing financial records and other required records for nonimmigrant students and illegible records.

14. SEVP received an unsolicited tip from an individual who self-identified as an ITU official concerning the school in January 2015, alleging compliance irregularities at ITU.

15. The ITU official also voluntarily provided SEVP with a copy of the October 6, 2014 document ("Nolan Memorandum") addressed to Rebecca Choi, then the Chief Operating Officer of ITU, and Mikel Duffy, then the Associate Director of Innovation and Principal Designated School Official of ITU. The document is not marked "confidential" or "attorney-client privileged".

16. In consideration of ITU's recordkeeping and reporting violations, and upon completion of its out-of-cycle review, SEVP issued an NOIW to the school on July 26, 2016, alleging several violations of SEVP's governing regulations, each one independently sufficient to warrant withdrawal. The violations identified in the NOIW included: (1) failure to maintain and provide SEVP with complete and accurate student records, including admission documents, financial records, and transfer credit materials; (2) issuance by a Designated School Official ("DSO") of a false statement, including wrongful certification of a statement by signature, in connection with multiple students' applications for employment or practical training; and, (3) conduct on the part of a DSO that does not comply with the regulations. These findings were based on the evidence submitted to SEVP by ITU in response to the multiple requests for evidence. The NOIW also mentioned SEVP's receipt of the Nolan Memorandum.

17. In response to the July 26, 2016 NOIW, ITU's counsel sent a letter in August 2016, requesting return of the Nolan Memorandum based on an assertion of attorney-client privilege. In September 2016, SEVP responded to ITU's counsel in a letter stating that "SEVP does not believe the October 2014 Report is covered by the attorney-client privilege under state or federal law." SEVP's response further stated, "to the extent the document was ever covered by attorney-client privilege, [SEVP

believed that the] privilege was waived by its intentional disclosure or lost by ITU's failure to timely assert or reasonably protect the privilege." ITU and SEVP continued to correspond about this matter through August 2018.

18. ITU's written NOIW response addressing the aforementioned allegations was submitted on September 26, 2016, admitting to recordkeeping failures and stating those failures were committed by former ITU personnel. The NOIW response also included a letter from its counsel dated May 16, 2016. In the letter, the counsel outlined the school's belief that certain documents it previously submitted to SEVP in connection with the above-mentioned requests, including multiple student records and financial documents, had been impermissibly altered or were otherwise not genuine. The letter described, in detail, the indicia of unreliability attributed to such records and confirmed that at least some of the personnel associated with the production and/or dissemination of such records were no longer employed by ITU. Copies of such presumably altered or otherwise unreliable records were included as exhibits to the May 16, 2016 letter from ITU's counsel.

19. On July 18, 2017, SEVP issued a WON, citing ITU's recordkeeping failures and explaining that the failure to maintain accurate nonimmigrant student records and to produce them on request constituted a regulatory violation, which, by itself, was sufficient to warrant the withdrawal of SEVP certification. In addressing the school's NOIW response, the WON stated that ITU's recordkeeping and reporting violations, as enumerated in the notice, "were known to SEVP prior to obtaining the [Nolan Memorandum] and the withdrawal is not based on the internal investigation."

20. On August 1, 2017 ITU filed an appeal citing, in part, its unfulfilled request for a telephonic interview following the issuance of the NOIW.

21. Upon reviewing the appeal and confirming ITU's request for a telephonic interview, SEVP issued a Motion by a Service Officer on September 28, 2017 to rescind the WON and reopen the proceedings to permit ITU to supplement its NOIW response via a telephonic interview.

22. The telephonic interview occurred on October 18, 2017, during which ITU was given an opportunity to address the allegations raised in the NOIW. Following the interview, SEVP considered ITU's complete response to the NOIW.

23. On April 17, 2018, SEVP issued a WON outlining the reasons for the withdrawal of ITU's SEVP certification. In the 2018 WON, SEVP stated that ITU's admitted recordkeeping and reporting failures, standing alone, were sufficient to withdraw the school's SEVP certification under 8 CFR § 214.4(a)(2)(i). The WON stated that ITU's failure to comply with its recordkeeping obligations was corroborated by the records ITU submitted to SEVP in 2014 and the school's NOIW response. The WON further clarified that the contents of the Nolan Memorandum "only add[ed] to these recordkeeping and reporting violations." After determining that the school's SEVP certification could also be withdrawn due to misconduct by its DSOs under 8 CFR § 214.4(a)(2)(vi), SEVP notified ITU that the school had the right to appeal the decision to the Administrative Appeals Team ("AAT"), an independent appellate body within ICE. ITU was also made aware of its option to submit either a motion to reopen or reconsider the decision.

24. Enclosed with the WON were a blank Form I-290B and filing Instructions for Notice of an Appeal or Motion with the AAT. ITU was also directed to the Study in the States website (https://studyinthestates.dhs.gov/) for additional guidance on available administrative remedies.

25. Upon receiving an appeal, the AAT considers a school's supporting statement, any evidence provided, and any relevant information contained in the record. The AAT conducts an independent review of the record and is not bound by the determination of the original deciding body.

26. On May 1, 2018, ITU appealed the WON issued on April 17, 2018. This appeal is currently being held in abeyance by stipulation of the parties pending the Court's ruling on ITU's motion for preliminary injunction.

DECLARATION OF JAMES D. HICKS ISO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 18-CV-06228 EJD                5

27. To date, ITU has maintained its SEVIS access and the corresponding ability to enroll nonimmigrant students.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 21 day of March 2019, at Washington, D.C.

_____
JAMES D. HICKS

DECLARATION OF JAMES D. HICKS ISO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 18-CV-06228 EJD                         6