Federal Defendants' RJN Exh A

## Exhibit C

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

August 26, 2016

Writer's Direct Contact
+1 (415) 268.7537
SChatterjee@mofo.com

**Confidential—FOIA Confidential Treatment Requested**

Via Electronic Submission and Overnight Delivery

**Attention: International Technological University SFR214F01670000 NOIW**

Timothy T. Hicks
Chief, Analysis and Operations Center
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement

Re:     *Student and Exchange Visitor Program Notice of Intent to Withdraw*

Dear Mr. Hicks:

This Firm represents International Technological University ("ITU") in connection with your July 26, 2016, letter regarding the Student and Exchange Visitor Program ("SEVP")'s Notice of Intent to Withdraw ITU's SEVP certification ("NOIW"). ITU will separately answer and respond to the NOIW by September 26, 2016, as agreed.

This letter addresses the document described in the NOIW as "a copy of an October 6, 2014 report commissioned by International Technological University on May 2, 2014 summarizing an investigation 'regarding ITU response to January 2014 Student and Exchange Visitor Program Request for Evidence, Including History of Related Conduct [sic].'" The NOIW refers to this document as the "October 2014 Report." The NOIW names neither the authors nor the recipients of this October 2014 Report.

If the "October 2014 Report" is, in fact, a memorandum from Daniel Olmos of the law firm Nolan, Armstrong & Barton addressed to Rebecca Choi, the Chief Operating Officer of ITU, and to Mikel Duffy, Associate Director of Innovation at ITU, please be advised that the document is, in its entirety, an attorney-client privileged communication between ITU and its attorneys.

While ITU wishes to cooperate with SEVP and any government agency, it must also seek to preserve its rights to its attorney-client privilege. Assuming that the October 2014 Report

sf-3680474

**MORRISON** | **FOERSTER**

Timothy T. Hicks
August 26, 2016
Page Two

described in the NOIW is the memorandum from Mr. Olmos to Ms. Choi and Mr. Duffy, ITU is not aware of how SEVP obtained a copy of that document. ITU neither disclosed that document to SEVP, nor authorized its disclosure to SEVP. ITU claims its attorney-client privilege and respectfully requests that SEVP return all copies of the October 2014 Report. ITU further requests that SEVP not rely upon the document or its contents for any purposes, including any action regarding ITU's SEVP certification. ITU also requests that SEVP advise ITU about whether any other government agency has received a copy of the October 2014 Report and, if so, which and when any such agency received it.

We note that Rule 1.6 of the ABA Model Rules of Professional Conduct recognizes the settled principle that confidential information regarding an attorney's representation of a client shall not be disclosed except where the client has provided informed consent. Similarly, Model Rule 4.4(b) provides, "A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent <u>shall</u> promptly notify the sender." (emphasis added).

Federal courts widely recognize that the involuntary or unauthorized disclosure of privileged information shall not constitute a waiver "if the privilege holder has made efforts 'reasonably designed' to protect and preserve the privilege." *United States v. De La Jara*, 973 F.2d 746 (9th Cir. 1992) (*citing Transamerica Computer v. Int'l Bus. Machines*, 573 F.2d 646, 650 (9th Cir. 1978)); *see also Gomez v. Vernon*, 255 F.3d 1118, 1132-33 (9th Cir. 2001) (unauthorized disclosure of confidential material does not waive privilege so long as privilege holder has exercised reasonable precautions to maintain confidentiality).

Proposed Rule 512 of the Federal Rules of Evidence also supports ITU's request. Although it was not ultimately adopted by Congress, it was prescribed and approved by the U.S. Supreme Court and "retains considerable utility as a guide to the federal common law" – especially because the existing Federal Rules of Evidence do not specifically address the consequences of a potential waiver based on the unauthorized disclosure of privileged material. Weinstein & Berger, Weinstein's Federal Evidence ¶ 512.02. Supreme Court Standard 512 provides that "[e]vidence of a statement or other disclosure of privileged matter is not admissible against the holder of the privilege if the disclosure was (a) compelled erroneously or (b) made without opportunity to claim the privilege." Please note that courts also prohibit parties from using confidential documents obtained without authorization. *See, e.g., In re Shell Oil Refinery*, 143 F.R.D. 105 (E.D. La. 1992) (prohibiting party from making any use of confidential documents obtained without authorization from employee of opposing party).

California courts have similarly found that no waiver occurs when a privileged communication is disclosed without authorization. *See, e.g., State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 652-54, 657 (1999) (determining, *sua sponte*, the standard governing the conduct of California lawyers to whom privileged information has been

MORRISON | FOERSTER

Timothy T. Hicks
August 26, 2016
Page Three

inadvertently disclosed "in order to protect the sanctity of the attorney-client privilege and to discourage unprofessional conduct"); *DP Pham LLC v. Cheadle*, 246 Cal. App. 4th 653, 668 (2016) (reversing order denying motion to disqualify counsel for improper use of privileged attorney-client communications). California law further requires that a party that has received attorney-client privileged information has an obligation to return and not to use such materials. The California Supreme Court has held:

> When a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender that he or she possesses material that appears to be privileged. The parties may then proceed to resolve the situation by agreement or may resort to the court for guidance with the benefit of protective orders and other judicial intervention as may be justified.

*Rico v. Mitsubishi Motors Corp.,* 42 Cal. 4th 807, 817 (2007).

We look forward to your response. Please do not hesitate to contact me with any questions about this request.

Sincerely,

S. Raj Chatterjee

cc:    Melanie Proctor

Federal Defendants' RJN Exh B

# Exhibit D



*Homeland Security Investigations*

**U.S. Department of Homeland Security**
Potomac Center North
500 12th Street, SW MS-5600
Washington, DC 20536-5600

**U.S. Immigration
and Customs
Enforcement**

S. Raj Chtterjee, Partner
MORRISON FOERSTER
425 Market Street
San Francisco, CA 94105-2482
September 6, 2016

RE: Student and Exchange Visitor Program Notice of Intent to Withdraw

Dear Mr. Chatterjee:

The Student and Exchange Visitor Program (SEVP) received your letter dated August 26, 2016, indicating that your firm represents International Technological University (ITU) with regard to the Notice of Intent to Withdraw (NOIW) ITU's certification. Your letter was not a response to the NOIW, but a request that a document identified as the "October 2014 Report" be returned to ITU based on an assertion of attorney-client privilege.

Contrary to your assertion, SEVP does not believe the October 2014 Report is covered by the attorney-client privilege under state or federal law. Your assertion of privilege relies in part on cases and rules that address unauthorized or involuntary disclosure. However, the October 2014 Report was intentionally provided to SEVP and accordingly, to the extent the document was ever covered by attorney-client privilege, that privilege was waived by its intentional disclosure or lost by ITU's failure to timely assert or reasonably protect the privilege. For these reasons, SEVP does not intend to return the document to ITU.

Your letter states that your firm "will separately answer and respond to the NOIW by September 26, 2016, as agreed". Consistent with that agreement, SEVP is not providing any extension to respond and will treat any answer filed after September 26 as untimely.

Please direct any further inquiries to sevp.support@ice.dhs.gov.

Regards,

**Beth M. Gibble**
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement
US Department of Homeland Security

cc: Melanie Proctor

Federal Defendants' RJN Exh C

Case 5:18-cv-06228-EJD Document 35-6 Filed 12/17/18 Page 1 of 49

## Exhibit E

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

September 13, 2016

Writer's Direct Contact
+1 (415) 268.7537
SChatterjee@mofo.com

**By Email (sevp.support@ice.dhs.gov) and Overnight Delivery**

**Attention: International Technological University SFR214F0167000 NOIW**

Ms. Beth M. Gibble
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement
US Department of Homeland Security
500 12th Street, SW MS-5600
Washington, DC 20536-5600

Re:     *Student and Exchange Visitor Program Notice of Intent to Withdraw*

Dear Ms. Gibble:

We received your letter on behalf of Student Exchange Visitor Program ("SEVP") on
September 8, 2016, responding to my letter dated August 26, 2016, regarding International
Technological University's ("ITU") claim of privilege to the "October 2014 Report"
referenced in SEVP's Notice of Intent to Withdraw ("NOIW").

We are disappointed that SEVP declined to respect ITU's claim of privilege and return the
"October 2014 Report." Notably, SEVP does not deny that the "October 2014 Report" is an
attorney-client communication, and effectively admits this fact by claiming that the attorney-
client privilege was waived.

SEVP states that "the October 2014 Report was intentionally provided to SEVP," and relies
on that assertion to claim waiver. But you neither state who provided SEVP a copy of the
document nor provide any facts to explain whether that person was authorized to disclose the
privileged communication. As set forth in my letter, unauthorized disclosure does not waive
privilege. We are not aware of any member of ITU's senior management or Board of
Trustees with authority who either disclosed or authorized the disclosure of the "October
2014 Report" to SEVP.

Further, the NOIW states that SEVP "received a copy of the October 2014 Report" on
January 13, 2015, but the first time ITU became aware that SEVP possessed a copy of the

MORRISON | FOERSTER

Beth M. Gibble
September 13, 2016
Page Two

document was after ITU had an opportunity to analyze the NOIW. Accordingly, ITU did not delay in claiming its privilege.

To assess the circumstances and SEVP's claim of waiver, we request that you let us know the following:

1. Who sent SEVP the "October 2014 Report";

2. Any basis SEVP has to believe that the person who sent SEVP the "October 2014 Report" was authorized by ITU to disclose any such attorney-client communication;

3. Any other facts that SEVP has to support its claim of waiver; and

4. To SEVP's knowledge, any other person or agency that has a copy of the "October 2014 Report."

As I stated in my prior letter, ITU wishes to and will cooperate with SEVP, but as SEVP itself admits, ITU must also act to protect its privilege for attorney-client communications, as I'm sure you understand.

We look forward to your response.

Regards,

S. Raj Chatterjee

cc:     Melanie Proctor

Federal Defendants' RJN Exh D

Case 5:18-cv-06228-EJD Document 35-6 Filed 12/17/18 Page 1 of 49

## Exhibit F



Homeland Security Investigations

**U.S. Department of Homeland Security**
Potomac Center North
500 12th Street, SW MS-5600
Washington, DC 20536-5600

S. Raj Chtterjee, Partner
MORRISON FOERSTER
425 Market Street
San Francisco, CA 94105-2482

October 3, 2016

RE: Student and Exchange Visitor Program Notice of Intent to Withdraw

Dear Mr. Chatterjee:

The Student and Exchange Visitor Program (SEVP) received your letter dated September 13, 2016, concerning the "October 2014 Report" (Report) which was previously provided to SEVP by an individual connected to International Technological University (ITU).

Your letter seeks specific information about the individual(s) who provided the Report, their authority to do so, and other related facts. As you are aware, both state and federal whistleblower laws protect individuals who report legal violations. The Report at issue here specifically states, "ITU submitted falsified documents to SEVP on at least two previous occasions in response to requests from the agency". Given the continuing nature of SEVP's enforcement action and SEVP's commitment to ensuring the fullest protection of individuals covered by whistleblower laws, SEVP will not provide the requested information.

Additionally, your letter incorrectly states, "SEVP does not deny that the 'October 2014 Report' is an attorney-client communication, and effectively admits this fact by claiming that the attorney-client privilege was waived". To be clear, SEVP's September 8, 2016 response stated, "SEVP does not believe the October 2014 Report is covered by the attorney-client privilege under state or federal law" and "to the extent the document was ever covered by attorney-client privilege, that privilege was waived by its intentional disclosure or lost by ITU's failure to timely assert or reasonably protect the privilege". SEVP continues to believe that the Report is not a privileged communication or otherwise protected.

Please direct any further inquiries to sevp.support@ice.dhs.gov.

Regards,

Beth M. Gibble
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement
US Department of Homeland Security


cc: Melanie Proctor

Federal Defendants' RJN Exh E

**Exhibit G**

**MORRISON** | **FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

October 21, 2016

Writer's Direct Contact
+1 (415) 268.7537
SChatterjee@mofo.com

**By Email (sevp.support@ice.dhs.gov) and Overnight Delivery**

**Attention: International Technological University SFR214F0167000 NOIW**

Ms. Beth M. Gibble
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement
US Department of Homeland Security
500 12th Street, SW MS-5600
Washington, DC 20536-5600

Re:    *Student and Exchange Visitor Program Notice of Intent to Withdraw*

Dear Ms. Gibble:

This responds to your letter on behalf of the Student Exchange Visitor Program (SEVP) dated October 3, 2016, regarding International Technological University's (ITU) claim of privilege to the October 2014 Report referenced in SEVP's Notice of Intent to Withdraw (NOIW).

You state that the October 2014 Report is not protected by the attorney-client privilege or that, if it is, that privilege was waived. SEVP, however, continues to provide no factual or legal grounds to support either position and appears to assume the truth of its conclusions. The October 2014 Report on its face is a written communication from ITU's outside legal counsel to ITU regarding legal issues and containing legal advice. This alone is more than enough evidence to establish that the report is protected by the attorney-client privilege.

Your letter assumes but offers no information to demonstrate that the person who provided the October 2014 Report is a "whistleblower." More to the point, SEVP offers no facts or law to support its conclusion that a "whistleblower" is authorized to waive an attorney-client privilege belonging to the institution. The power to waive the corporate attorney-client privilege rests solely with ITU's corporate officers and trustees, who must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of ITU. *See, e.g., Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 349 (1985). We do not seek to deprive anyone of any legal rights provided by "whistleblower" status, to be sure,

**MORRISON** | **FOERSTER**

Beth M. Gibble
October 21, 2016
Page Two

but we see no circumstances under which a "whistleblower" could have conclusively, unilaterally, and legally waived ITU's attorney-client privilege.

Again, if SEVP has any factual or legal grounds to support its conclusion that the October 2014 Report was never entitled to the privilege *ab initio*, or that any such privilege was waived, ITU again requests that SEVP provide that information.

Regards,

S. Raj Chatterjee

cc:     Melanie Proctor

Federal Defendants' RJN Exh F

**Exhibit H**

*Homeland Security Investigations*

**U.S. Department of Homeland Security**
Potomac Center North
500 12th Street, SW MS-5600
Washington, DC  20536-5600



October 31, 2016

S. Raj Chatterjee, Partner
MORRISON FORESTER
425 Market Street
San Francisco, CA 94105-2482

RE: Student and Exchange Visitor Program Notice of Intent to Withdraw

Dear Mr. Chatterjee:

The Student and Exchange Visitor Program (SEVP) received your letter dated October 21, 2016, requesting additional information concerning the October 2014 Report, about which we have previously corresponded.  SEVP maintains that the document is not privileged and, even if it were, the privilege was not adequately protected and was waived.  Moreover, given the continuing nature of SEVP's enforcement action and the potential applicability of whistleblower protections, SEVP is unable to provide details concerning the disclosure of the 2014 Report.

Please direct any further inquiries to sevp.support@ice.dhs.gov.

Regards,

Lisa Glasoe
Chief, Analysis and Operations Center
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement
US Department of Homeland Security

cc:  Melanie Proctor

Federal Defendants' RJN Exh G

**Exhibit I**



*Homeland Security Investigations*

**U.S. Department of Homeland Security**
Potomac Center North
500 12th Street, SW MS-5600
Washington, DC 20536-5600

September 28, 2017                            School Code: SFR214F01670000

Jason Barber
International Technological University
355 W. San Fernando Street
San Jose, CA 95110
jbarber@itu.edu

**Student and Exchange Visitor Program**
**Motion by a Service Officer**

<u>**Notice**</u>:

In accordance with *8 CFR §103.5(a)(5)*, the Student and Exchange Visitor Program (SEVP) may reopen a decision made regarding a school's petition. International Technological University (ITU) was issued a notice withdrawing its certification to enroll nonimmigrant students on July 18, 2017. SEVP, on its own motion, hereby rescinds the Withdraw on Notice (WON) issued on July 18, 2017 and reopens these proceedings to take additional information and evidence from the school in accord with *8 CFR § 214.4(f)*.

<u>**Procedural and Factual Summary:**</u>

On May 21, 2003, ITU was certified by SEVP to issue Forms I-20, "Certificate of Eligibility", to F-1 nonimmigrant students for three undergraduate and graduate level programs.

During subsequent compliance reviews between 2010 to 2014, SEVP issued several requests for evidence (RFE), including requests for F-1 nonimmigrant student records, in accord with *8 CFR §214.3(g)(1)*.[1] Although ITU responded to each RFE, the school's responses were incomplete and otherwise indicated that ITU had failed to maintain various records relating to F-1 nonimmigrant students studying at ITU.

Therefore, SEVP issued ITU a Notice of Intent to Withdrawal (NOIW) the school's certification on July 26, 2016 outlining several compliance issues, including record-keeping and reporting failures as well as conduct on the part of ITU's designated school officials (DSO) that violates federal regulations. SEVP received the school's response on September 26, 2016, and subsequently issued a decision withdrawing ITU's certification to enroll nonimmigrant students on July 18, 2017. ITU appealed that decision.

---

[1] The dates of the RFEs are as follows: July 6, 2011, August 9, 2011, October 12, 2011, January 18, 2012, and January 16, 2014. ITU's responses were received on the following dates: August 5, 2011, September 9, 2011, November 15, 2011, February 17, 2012, and February 17, 2014.

Case 5:18-cv-06228-EJD Document 35-1 Filed 04/25/18 Page 28 of 49

Page 2 of 2
RE: SFR214F01670000

**<u>Decision</u>**:

ITU appealed the WON on August 1, 2017, noting that the school requested a telephonic interview in their NOIW response. Pursuant to *8 CFR §103.3(a)(2)(ii)*, the SEVP official who made the unfavorable decision being appealed has an opportunity to review the appeal prior to forwarding it to the SEVP Administrative Appeals Team for consideration. Here, the SEVP Analysis and Operations Center (SAOC) issued the decision withdrawing ITU's certification to enroll nonimmigrant students. On review of ITU's NOIW response, the SAOC located ITU's request for an interview, which was incorporated within the school's 33 page brief. Therefore, the SAOC has decided to reopen these proceedings to permit ITU to present additional information and evidence during a telephonic interview. *8 CFR §214.4(f)*.

Accordingly, the SAOC will rescind the WON dated July 18, 2017 pending the outcome of additional proceedings, including a telephonic interview, to address the grounds SEVP raised in the NOIW issued on July 26, 2016.

The SAOC will contact ITU's P/DSOs and attorneys of record to schedule a telephonic interview on a mutually convenient date. In the interim, any questions regarding this notice may be sent to SEVP Support at sevp.support@ice.dhs.gov.

Sincerely,

**Lisa Glasoe**
Chief, Analysis and Operations Center
Student and Exchange Visitor Program
US Immigration and Customs Enforcement
500 12th Street, SW MS 5600
Washington, DC 20536-5600

Prepared by: JIK
Enclosures

Federal Defendants' RJN Exh H

**Exhibit J**



*Homeland Security Investigations*

**U.S. Department of Homeland Security**
Potomac Center North
500 12th Street, SW MS-5600
Washington, DC  20536-5600

**U.S. Immigration and Customs Enforcement**

April 17, 2018                              School Code: SFR214F01670000

Amy Chaung
International Technological University
355 W. San Fernando Street
San Jose, CA 95110
achaung@itu.edu

**Student and Exchange Visitor Program
Withdrawal on Notice**

**Decision**

After review of your institution's response to SEVP's Notice of Intent to Withdraw (NOIW) issued on July 26, 2016, SEVP has determined that your institution is withdrawn on notice. Your school must wait at least one calendar year from the date of this notice before being eligible to petition again for SEVP certification. Eligibility to re-petition will be at the discretion of the Director of SEVP.

The compliance issues identified in this case include: ███████████████████
███████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████

International Technological University has 15 days to file an appeal of this notice.  If you do not choose to file an appeal within this timeframe, the decision is final. No fee is required with appeals related to withdrawal of SEVP certification.

**Background**

On behalf of the Department of Homeland Security (DHS), SEVP uses the Student and Exchange Visitor Information System (SEVIS) to track and monitor U.S. educational institutions that enroll nonimmigrant students, as well as the students themselves while residing in the United States on an F or M visa. Tracking foreign students is a priority for the federal government because events such as the 1993 World Trade Center bombing, the September 11, 2001 attacks, and the Boston Marathon bombings allegedly involved, either directly or indirectly, nonimmigrant students who were admitted into the United States on a student visa. H.R. Rep. N. 107-807, at 316 (2003).

Congress has enacted several statutes meant to eliminate potential vulnerabilities related to nonimmigrant student visas.  For example, the Illegal Immigration Reform and Immigrant

Responsibility Act (IIRIRA) of 1996 contains statutory language mandating the development of a program to collect data and improve tracking of foreign students. In 2001, Congress expanded the foreign student tracking system when it enacted the United and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorists Act (USA PATRIOT ACT) of 2001, Pub. L. No. 107-56 (Oct. 26, 2001). In 2002, Congress strengthened the tracking system yet again, noting concerns with national security and emphasizing the need to carefully track student status and information through the Enhanced Border Security and Visa Entry Reform Act of 2002, (EBSVERA) Pub. L. No. 107-173, § 501 (May 14, 2002). Importantly, EBSVERA instituted a two-year recertification process for all SEVP-certified schools requiring them to demonstrate continued eligibility for SEVP certification, including compliance with all recordkeeping and reporting requirements. In 2010, to prevent visa fraud, Congress enacted the Accreditation of English Language Training Programs Act, Public Law No. 111-306, 124 Stat. 3280 (2010) which required all English language training programs (ESL) to be accredited by an accrediting agency recognized by the Department of Education (ED) to enroll nonimmigrant students. These laws demonstrate a clear congressional directive that the U.S. Immigration and Customs Enforcement (ICE) closely monitors foreign students and the schools in which they enroll by vigorously enforcing the statutory and regulatory requirements.

**Procedural and Factual Summary**

Schools seeking to enroll nonimmigrant students must first submit a Form I-17 (Petition for Approval of School for Attendance by Nonimmigrant Student), along with necessary documentation, to allow SEVP to adjudicate the school's eligibility to enroll foreign students in their programs of study. Schools and their designated school officials (DSOs) must certify that they have read and understand DHS regulations relating to SEVP certification.[1] Once certified, designated school officials (DSOs) must maintain knowledge of the governing regulations and are required to report changes to certain information concerning the school and its students.[2] The school's Form I-17 also informs SEVP of the programs for which it seeks to enroll nonimmigrant students. Schools are only authorized to enroll nonimmigrant students in the programs that are listed on their Form I-17 and only after SEVP has approved the school's certification.[3]

To ensure compliance with this obligation, federal regulations authorize SEVP to review a school's certification at any time to verify compliance with regulations governing recordkeeping, retention, reporting, and other mandatory requirements.[4] Schools that fail to comply with these recordkeeping and reporting requirements, or fail to follow regulatory provisions concerning school certification and/or nonimmigrant student status, are subject to withdrawal of their SEVP certification.[5] In such cases, SEVP issues a Notice of Intent to Withdraw (NOIW) the school's certification explaining the specific regulations SEVP alleges the school violated.[6] The school

---

[1] See *8 CFR § 214.3(a)(1)(ii).*
[2] See *8 CFR §214.3(g)(1) and (l)(3).*
[3] See *8 CFR §214.3(e)(2).*
[4] *8 CFR § 214.3(h)(3) et seq.*
[5] *Id.*
[6] *8 CFR § 214.4(b).*

Page 3 of 11
RE: SFR214F01670000

then has an opportunity to respond to the allegations and may be assisted by counsel of its choice at no expense to the government.[7]

On May 21, 2003, International Technological University (ITU) was certified by SEVP to issue Forms I-20, Certificate of Eligibility, to F-1 nonimmigrant students for the following degree programs: Bachelor of Science, Master of Science, and Master of Business Administration.

In 2010, SEVP initiated an out-of-cycle review of ITU's SEVP certification upon reviewing the school's recordkeeping in SEVIS regarding student enrollment and Curricular Practical Training (CPT). Subsequently on November 16 and 17, 2010, SEVP representatives toured ITU's 765 San Aleso Avenue, Sunnyvale, CA location and conducted an interview with former PDSO Mikel Duffy. Following the site visit, SEVP sent ITU a Request for Student Records on April 20, 2011, to which the school responded on May 5, 2011.

On March 29, 2011, ITU submitted a Form I-17 update in SEVIS to change locations to 355 W. San Fernando Street, San Jose, CA.  After SEVP conducted a site visit of 355 W. San Fernando St. location, SEVP sent the school five separate Requests for Evidence (RFE) between 2011 and 2014 seeking a variety of documents to adjudicate the location change and ensure ITU's continued eligibility for certification.[8] ██████████████████████████████████
██████████████

Moreover, on January 13, 2015, SEVP received a copy of a report dated October 6, 2014, which was commissioned by ITU on May 2, 2014 regarding an "Updated Summary of Investigation Regarding ITU Response to January 2014 Student and Exchange Visitor Program Request for Evidence, Including History of Related Conduct" (Summary of Investigation).[9] ███████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

---

[7] *8 CFR § 214.4(b) – (f).*
[8] The dates of the RFEs are as follows:  July 6, 2011, August 9, 2011, October 12, 2011, January 18, 2012, and January 16, 2014.  ITU's responses were received on the following dates:  August 5, 2011, September 9, 2011, November 15, 2011, February 17, 2012, and February 17, 2014.
[9] See Addendum A.

Page 4 of 11
RE: SFR214F01670000



Page 5 of 11
RE: SFR214F01670000

Moreover, the *Summary of Investigation* document is not privileged and to the extent it could be deemed privileged, such privilege was waived when an ITU official voluntarily provided the report to SEVP and/or was waived by the school's failure to appropriately protect its claim of privilege by limiting dissemination of the document.

Page 6 of 11
RE: SFR214F01670000

Page 8 of 11
RE: SFR214F01670000

RE: SFR214F01670000

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████

Your school may file an appeal as outlined below.

## **Appeal Rights**

If you desire to appeal this decision as provided under *8 CFR §103.3*, you must comply with the following:

1. You have fifteen (15) calendar days from the date of service of the Withdrawal on Notice to file appeal.
2. If you do not choose to file an appeal within this timeframe, the decision is final.
3. A complete appeals package consists of:
   a. A completed Form I-290B, Notice of Appeal or Motion, with original signature (form enclosed);
   b. An optional supporting statement or brief specifically stating the grounds for contesting the petition withdrawal; and
   c. Any other supporting documentation.

Additional instructions are attached to this notice. Please refer to *8 CFR §103.3* and *8 CFR §214.4(h)* for the regulations regarding appeals. For further information on filing your appeal and appeal alternatives, please visit http://www.ice.gov/sevis/appeals. Your school may also submit a written request for oral argument in support of your appeal per *8 CFR §103.3(b)*. The SEVP Appeals Team (SAT) has authority to grant or deny the request for oral argument. Any such request will be remanded at the discretion of the SAT.

All documents must be submitted by email to sevp.appeals@ice.dhs.gov. Please note that there is no fee associated with filing an appeal. SAT will contact you directly with a decision. If SAT overturns the decision to withdraw your school, your school will retain SEVIS access.

Your school may also request SEVP reopen or reconsider the withdrawal of your school by filing a Form I-290B, Notice of Appeal or Motion, per *8 CFR §103.5*. Both the form and instructions for filing a motion to SEVP are attached to this notice. For additional information on how to file a motion, please visit http://www.ice.gov/sevis/appeals. Any such request will be remanded at the discretion of SEVP. If your school chooses to file a motion, all documents must be submitted by email to sevp.appeals@ice.dhs.gov. If a motion is filed, your school will have access to SEVIS until you are notified of your SEVP motion outcome. SEVP will contact you directly with the decision.

A motion must be filed within 30 days of service of this Notice. If your school chooses not to file a motion within the specified timeframe or a motion is received by SEVP outside of the 30 day filing period or if your withdrawal is upheld, this decision will be final and SEVP will set a SEVIS access termination date, at which time your SEVIS access will be restricted to only allow DSOs to update current *Initial* and *Active* SEVIS student records until you are notified of your

Page 10 of 11
RE: SFR214F01670000

SEVIS access termination date. If you have any questions regarding the motion process or your status, please contact the SEVP Appeals Team at sevp.appeals@ice.dhs.gov.

If you have questions regarding the appeal process or your school's status, please contact SAT via email at sevp.appeals@ice.dhs.gov.

**Handling Students**

If this WON is upheld or your school chooses not to file an appeal or motion within the required timeframes, your school will be withdrawn in SEVIS. Your school will be notified of its SEVIS access termination date once it has exhausted all its due process rights to appeal. Once your school is withdrawn in SEVIS, your school's DSO will not be able to create *Initial* student records. The DSO will retain access to update current *Initial* and *Active* SEVIS student records until the SEVIS access termination date.

Your school is responsible for advising all current nonimmigrant students in *Initial* and *Active* SEVIS status that the school is no longer certified by SEVP. Your school is also responsible for counseling the students on possible actions and handling their SEVIS records appropriately. All actions taken by students and the transfer of student records must occur by the SEVIS access termination date.

If your school does not file an appeal or motion, SEVP will notify your school of its SEVIS access termination date on May 17, 2018. Furthermore, if your school does not file an appeal or motion, the DSO should immediately update all records in *Initial* status to indicate student registration, student termination or record cancellation. For those students in *Initial* status who have not yet entered the United States, advise them they will not be admitted into the United States with the Forms I-20 issued by your school or a visa issued for them to enroll at your school. If the students still wish to pursue a course of study in the United States, advise them they must apply to another SEVP-certified school. You can refer them to the list of other SEVP-certified schools at http://www.ice.gov/sevis/.

Any questions regarding this Notice may be submitted via e-mail to sevpcompliancesevis@ice.dhs.gov, subject line: **Question: International Technological University SFR214F01670000 WON**.

Sincerely,

Lisa Glasoe

**Lisa Glasoe**
Chief, Analysis and Operations Center
Student and Exchange Visitor Program
Homeland Security Investigations
US Immigration and Customs Enforcement

Case 5:18-cv-06228-EJD   Document 25-2   Filed 12/25/18   Page 42 of 42

Page 11 of 11
RE: SFR214F01670000


500 12th Street, SW STOP 5600
Washington, DC 20536-5600

Prepared by: JIK

Enclosures
Form I-290B, Notice of Appeal or Motion
Instructions for Filing an Appeal or Motion with SEVP

Addendum A
Addendum B
Addendum C

Cc: Joshua Hill, Form G-28 appointed representative
     Janie Schulman, Form G-28 appointed representative

Federal Defendants' RJN Exh I

**Exhibit M**

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 6, 2018

Writer's Direct Contact
+1 (415) 268.6462
jhill@mofo.com

**FOIA Confidential Treatment Requested**

*Via Overnight Delivery*

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
Student and Exchange Visitor Program
Homeland Security Investigations
United States Immigration and Customs Enforcement
500 12th Street, SW STOP 5600
Washington, DC 20536-5600

Re:  <u>Violation of International Technological University's Attorney-Client Privilege
(SFR214F01670000)</u>

Dear Ms. Glasoe:

This firm represents International Technological University Foundation, Inc. ("ITU"), a non-profit WASC accredited institution, regarding the Student and Exchange Visitor Program's ("SEVP") efforts to withdraw ITU's certification to enroll nonimmigrant students.

When ITU received the Notice of Intent to Withdraw in July 2016 ("NOIW"), it learned for the first time that SEVP improperly possessed a confidential legal memorandum from ITU's outside counsel, Daniel Olmos, dated October 6, 2014 (the "Privileged Report"). ITU promptly demanded return of the Privileged Report and destruction of any copies, but SEVP declined without reasonable legal justification and then withdrew ITU's certification based upon information contained in the Privileged Report. The Privileged Report is privileged on its face. Nevertheless, despite multiple requests by ITU, SEVP has failed to produce any evidence that the document is not privileged or that the privilege was waived or lost. SEVP is, therefore, legally and ethically barred from relying on the Privileged Report to support its actions, and it must return or destroy all copies.

la-1392322

**MORRISON** | **FOERSTER**

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Two

***The Report Is Protected by Attorney-Client Privilege***

"Federal common law recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential."[1] Any reasonable reader of the top half of page one of the Privileged Report, pictured below, can see that the document is subject to the attorney-client privilege:



Nolan, Armstrong & Barton, LLP

To:    Rebecca Choi
       Chief Operating Officer
       International Technological University

       Mikel Duffy
       Associate Director of Innovation
       International Technological University

From:  Daniel Olmos
       Nolan, Armstrong & Barton, LLP

Date:  October 6, 2014

Re:    Updated Summary of Investigation Regarding ITU Response to January 2014 Student
       and Exchange Visitor Program Request for Evidence, Including History of Related
       Conduct

INTRODUCTION

It is: (a) a written communication, (b) on law firm letterhead, (c) from ITU's outside legal counsel, Nolan, Armstrong & Barton, LLP, (d) to ITU officers only, (e) regarding a confidential investigation. By addressing the Privileged Report only to ITU's Chief Operating Officer and Associate Director of Innovation, ITU's attorney, Mr. Olmos, expressed his intent to communicate his advice only to his client, ITU.

---

[1] *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001); *see also Upjohn Co. v. United States*, 449 U.S. 383, 387 (1981).

**MORRISON | FOERSTER**

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Three

These facts prove that the document is subject to the protections of the attorney-client privilege. In response to ITU's timely demands, SEVP never tried to produce any evidence to the contrary. Likewise, SEVP never produced any evidence to support its assertions that the privilege was waived.

***SEVP Has Failed to Produce Any Evidence that ITU Waived Its Privilege***

Over the course of six written exchanges,[2] SEVP asserted that ITU waived its privilege. Indeed, SEVP presented three unsubstantiated claims of waiver: (1) ITU's failure to reasonably protect the privilege, (2) voluntary disclosure by ITU, and (3) an untimely assertion of the privilege. Each of these claims is untrue, and SEVP has failed to provide any evidentiary support for them (because there is no support).

Only the holder of the attorney-client privilege, *i.e.*, the client, may waive it. As the Supreme Court of the United States has explained, "the power to waive the corporate attorney-client privilege rests with the corporation's management… [who] must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals."[3] Once the holder of the privilege has established that the privilege exists, the burden is on the challenger to produce evidence that the privilege was waived.[4] This shift of the evidentiary burden is particularly important here because ITU does not know how SEVP obtained the Privileged Report. In response to multiple requests made by ITU, SEVP has failed to demonstrate any kind of waiver.

---

[2] Six letters were exchanged on this issue. The first was a letter from Morrison Foerster LLP on behalf of ITU to SAOC Chief Timothy Hicks, dated August 26, 2016 followed by: a letter from SEVP, by Beth Gibble, dated September 6, 2016; a letter from ITU to Ms. Gibble, dated September 13, 2016; a letter from SEVP by Ms. Gibble, dated October 3, 2016; a letter from ITU to Ms. Gibble, dated October 21, 2016; and a letter from SEVP, by Lisa Glasoe, dated October 31, 2016. See the attached Composite Exhibit 1(a-f).

[3] *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348–49, 105 S. Ct. 1986, 1991, 85 L. Ed. 2d 372 (1985); *See also Cunningham v. Connecticut Mut. Life Ins.*, 845 F. Supp. 1403, 1411 (S.D. Cal. 1994) ("under federal common law, the client is the holder of the attorney-client privilege, and only the client can waive the privilege.")

[4] *United States v. Chevron Corp.*, No. C 94-1885 SBA, 1996 WL 444597, at *4 (N.D. Cal. May 30, 1996) ("the party asserting the attorney-client privilege bears the initial burden of proving that the communication in question is privileged. If the party seeking discovery asserts that the privilege which initially attached to the communication in question was subsequently waived, that party must bear the burden of *production* on the issue of waiver.")

la-1392322

MORRISON | FOERSTER

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Four

Curiously, the one fact that SEVP *chose* to disclose disproves all three of its claimed legal bases for waiver. In its correspondence with ITU, SEVP stated that an unidentified "employee" disclosed the report. When asked to identify the person, SEVP refused, allegedly to protect a so-called "whistleblower." SEVP did not identify which whistleblower statute allegedly applied to the person who disclosed the Privileged Report let alone any right to remain anonymous under that statute. Moreover, the mere fact that a whistleblower may (or may not) remain anonymous does not relieve the government of its obligation to meet its evidentiary burdens. SEVP may not rely on vague, anonymous hearsay to prove waiver, and ITU may not be deprived of its rights under the confrontation clause of the Constitution, which generally requires that a party be given an opportunity to examine those who would bear witness against it.[5] Also, by asserting that it received the Privileged Report from a whistleblower who supposedly needs protection from ITU, SEVP admits that ITU did *not* authorize the disclosure. If ITU had authorized the whistleblower to disclose the Privileged Report to SEVP, there would be no need for stealth whistleblowing. If a true whistleblower provided the Privileged Report to SEVP in confidence without ITU's knowledge, the disclosure to SEVP was not and *could not have been* the act of an ITU agent authorized to voluntarily waive the privilege.

SEVP's assertion that ITU waived privilege by delaying its assertion of privilege is ironic given that SEVP hid its possession of the Privileged Report from ITU for a year and a half. This letter follows three prior demands for both the return of the Privileged Report and the certification of the destruction of all copies. When ITU learned from the NOIW in July 2016 that SEVP had the Privileged Report, ITU promptly asserted the privilege in writing to SEVP on three separate occasions:

- On August 26, 2016, ITU advised SEVP that the Privileged Report was privileged "in its entirety" and requested that SEVP return all copies and not rely on its contents.

- On September 13, 2016, ITU reiterated its assertion of the privilege and asked that SEVP provide support for its claim that privilege had been waived.

- On October 21, 2016, ITU again denied that the privilege had been waived and again requested production of any evidence upon which SEVP relied.

Instead of complying with its obligation to produce evidence, SEVP subsequently issued two Withdrawals on Notice ("WON" or "WONs"), both of which relied almost exclusively on the Privileged Report to justify the withdrawal of ITU's SEVP certification. This illegal conduct resulted in substantial prejudice to ITU.

---

[5] *See* U.S. Const. amend. VI.; Fed. R. Evid. 802.

# MORRISON | FOERSTER

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Five

### *Reliance on the Privileged Report Violates Professional Rules of Conduct*

The American Bar Association Model Rules of Professional Conduct mandate that a lawyer in receipt of a document reasonably likely to be privileged has an immediate and affirmative obligation to act:

> "A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent ***shall promptly notify the sender***."[6]

A formal opinion from the ABA Committee on Ethics and Professional Responsibility provides additional detail on a lawyer's affirmative obligations:

> A lawyer who receives on an unauthorized basis materials of an adverse party that she knows to be privileged or confidential should, upon recognizing the privileged or confidential nature of the materials, either refrain from reviewing such materials or review them only to the extent required to determine how appropriately to proceed; she should notify her adversary's lawyer that she has such materials and should either follow instructions of the adversary's lawyer with respect to the disposition of the materials, or refrain from using the materials until a definitive resolution of the proper disposition of the materials is obtained from a court.[7]

SEVP states in the NOIW that it received the Privileged Report on January 13, 2015. Every lawyer working for the federal government who reviewed the Privileged Report from that date forward had an ethical obligation to inform ITU or its counsel of SEVP's possession of the Privileged Report. Each lawyer was also required to refrain from reviewing it any further than necessary to ascertain its privileged nature until receiving approval from ITU or a court. Assuming at least one government attorney was aware of SEVP's possession of the Privileged Report, ITU's repeated claims of privilege, and SEVP's continued reliance on the Privileged Report despite the obviously privileged nature of the document and ITU's claims, that lawyer (or multiple lawyers) violated the rules of ethics and must take immediate affirmative steps to rectify those violations.

*       *       *

---

[6] Model Rule 4.4(b)(emphasis added).

[7] ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 382 (1994).

**MORRISON | FOERSTER**

Ms. Lisa Glasoe
Chief, Analysis and Operations Center
August 6, 2018
Page Six

ITU hereby restates its demand that SEVP return all hard copies of the Privileged Report in its possession, custody, or control and certify the destruction of all other copies, including electronic copies, as any past or future reliance on the Privileged Report is unlawful. Please return the Privileged Report and certify the destruction of all other copies by Friday, August 24, 2018.

Sincerely,

Joshua Hill
Counsel for International Technological University Foundation, Inc.

Encl.

cc:     Tracy Short, Esq., Principal Legal Advisor, ICE
        Waldemar Rodriguez, Associate Director, Office of Professional Responsibility, ICE
        Rebecca Falk, Esq., Assistant United States Attorney